[No. 16501.   Department Two.   July 27, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. VERLE
BRUMMETT, *Appellant*.[1]

CRIMINAL LAW (21)—PARTIES TO OFFENSE—PRINCIPALS AND ACCESSORIES. Under Rem. Code, § 2007, abolishing the distinction between an accessory before the fact and a principal, the driver of an automobile who did not participate in the forcible act of robbing another, but who held the car in readiness for the active participants to escape, was equally guilty of the crime of robbery.

APPEAL (272)—RECORD—PROCEEDINGS NOT IN RECORD—AFFIDAVITS. An affidavit alleging the misconduct of a juror as ground for new trial in a criminal case, which appears in the clerk's transcript, but not in the statement of facts, will not be considered on appeal.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered March 17, 1920, upon a trial and conviction of robbery.   Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellant.
*Thos. A. Stiger,* for respondent.

PARKER, C. J.—The defendant Brummett was, with Palmer R. Fosse and Arnold Fosse, by information, charged with the crime of robbery, committed at the ticket office of the Pacific Northwest Traction Company at Everett, in Snohomish county; in that they, with force and violence, took from the immediate possession and control of Nora Vaara the sum of $794, the property of that company, which was then and there in her possession and control as the ticket agent of the company.   Trial in the superior court for Snohomish county resulted in a verdict, finding the defendant Brummett guilty as charged, upon which judgment was ren-

[1]Reported in 199 Pac. 726.

dered sentencing him to imprisonment in the penitentiary; from which he has appealed to this court.

There is no question before us calling for serious consideration, other than the contention here made in appellant's behalf that the evidence does not support the verdict and judgment rendered against him. This contention seems to be mainly rested upon the fact that he was not in the ticket office when the two other defendants committed the physical act of forcibly taking the money from the possession of the ticket agent. But the evidence plainly supports the verdict and judgment, in showing that appellant went with the other defendants to a place within a block of the ticket office, all with the avowed purpose of taking the money by force from the ticket agent, they all going there in an automobile, appellant driving and waiting for the other defendants to so procure the money, with a view of all of them making a hasty escape; which they did, in the automobile, immediately after the commission of the crime. Plainly, under our statutes abolishing all distinction "between an accessory before the fact and a principal," in crime, appellant was rendered as guilty of this crime as if he had actually physically participated in taking the money from the ticket agent. Rem. Code, § 2007.

Some contention is made that appellant is entitled to a new trial because of the misconduct of a juror. This contention seems to us so devoid of merit — even conceding that it is properly before us — as to not call for discussion. We note that it is rested upon a showing not appearing in the statement of facts. In support of it, counsel for appellant refer to an affidavit which appears only in the clerk's transcript, and therefore does not appear in the record in such manner that we can know that the trial court ever saw it. Counsel for the state, however, have not sought to avoid meeting this

contention upon the merits, being evidently willing that we consider the affidavit as properly before us.

The judgment is affirmed.

MITCHELL, MAIN, HOLCOMB, and TOLMAN, JJ., concur.