### O'CONNOR v. POTTER et al.
### WOODCOME v. SAME.

(District Court, D. Massachusetts. September 30, 1921.)

Nos. 2046, 2047.

Criminal law ⊗══394, 395—Intoxicating liquors ⊗══255—Liquor unlawfully seized and information obtained thereby inadmissible; person from whom liquor is unlawfully seized, but who does not claim ownership, not entitled to its return.

Where five barrels of whisky were illegally seized without a search warrant from the residence of claimant, neither the whisky nor the knowledge obtained by the seizure is admissible in a criminal prosecution against him; but where he does not allege ownership, and it appears that the whisky was a part of a quantity withdrawn from storage under a permit by a drug company, and that claimant's possession was unlawful under the National Prohibition Act, he is not entitled to its return.

Petitions by Cornelius O'Connor and by William Woodcome against Elmer C. Potter and others for return of liquor seized. Denied.

James A. Hatton, of Boston, Mass., for plaintiffs.
The U. S. Attorney, for defendants.

MORTON, District Judge. These are two petitions seeking orders for the return of intoxicating liquors taken from the residence of the petitioners. They were heard in open court on oral and documentary evidence. The facts are as follows:

The petitioners Woodcome and O'Connor live on Hayward street in Fitchburg, in buildings used solely for residential purposes. On August 6, 1921, two officers of the internal revenue, one of them being also a prohibition officer, and another prohibition officer, went to the houses of the petitioners and took from each house 5 barrels of whisky. The officers had no search warrant or process of any kind; neither petitioner was at home when the officers came; the officers explained to the wife of each petitioner that they were revenue officers, who desired to enter to examine goods subject to tax in accordance with Rev. St. § 3177 (Comp. St. § 5900), and that it was her duty to allow them

to enter. Having obtained entrance in this way, they discovered the whisky here in question. The stamps upon the barrels had been defaced or removed; parts of the stamps were found on the premises of each petitioner, indicating that they had been removed there. The officers then seized the liquor as being unlawfully possessed under the National Prohibition Act (41 Stat. 305) and carried it off. It is now in the custody of Mr. Potter as Prohibition Director.

Neither petition alleges that the liquor seized was the property of the petitioner; the allegations on this point being in each:

"That your petitioner neither affirms nor denies that the above-described property is his property, but reasserts that the property was taken from his premises without due process of law."

Each petitioner testified in these proceedings. Neither gave any evidence concerning the ownership of the liquor, nor how it came into his possession. It appears to have been part of a lot of 20 barrels which was withdrawn from storage under permits in the name of the Emeline Drug Company, and the possession of it by the petitioners appears to have been unlawful under the Volstead Act.

Some time after the seizure, one Cunningham, who directed the officers to the premises in question, was duly summoned to appear before the federal grand jury and was in attendance, but was never called upon to testify.

The contention of the petitioners is that the liquor was illegally obtained by the officers, and that the government has no right to use it as evidence in criminal proceedings against them; that, being evidence illegally obtained, they are entitled to have it returned to them as the persons from whose custody it was taken, regardless of whether they are the owners of it or not.

It is clear that the seizure was illegal and unjustifiable. It follows that neither the goods seized nor the knowledge obtained by the seizure can be used in evidence. It does not, however, follow that, simply because it happened to be taken from their premises, the petitioners are entitled to have this large amount of outlawed liquor returned to them. They do not claim to own it, and are not injured by the seizure of it, except that the illegal action of the officers has placed in the government's hands evidence against the petitioners which it has no right to use. In Amos v. U. S., 255 U. S. 313, 41 Sup. Ct. 266, 65 L. Ed. ——, relied on by the petitioners, the petition stated, according to the opinion, that the liquor was the property of the petitioner. The constitutional rights of these petitioners will be adequately protected by an order declaring the seizure an illegal one, and all evidence obtained thereby or based thereon inadmissible, and directing that the liquor be delivered to the United States marshal and impounded in his keeping until further order of the court in relation thereto.

As to the clerk the petition is dismissed. He has nothing to do with the matter.

As to the other defendants the petition will be retained as a basis for future action, if necessary.

The motions to dismiss are overruled.