[No. 17101. Department One. October 7, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. JOE DERSIY, *Appellant.*[1]

CRIMINAL LAW (123, 124)—EVIDENCE WRONGFULLY OBTAINED—SUPPRESSION—TIME TO MOVE—WAIVER. A motion to suppress as evidence, intoxicating liquor wrongfully obtained by officers through a search without any search warrant is properly denied, as not timely, when not made until the trial is entered upon.

SAME (123, 124)—AFFIDAVIT TO SUPPRESS. An affidavit to suppress such evidence, presented at the trial, stating that the accused did not learn for a "certainty" that the liquor was obtained without a search warrant, does not show diligence in learning the fact, or a timely application to the court, where four months had elapsed since the arrest, and the fact was known twenty-four hours before the trial commenced.

CRIMINAL LAW (133)—EVIDENCE—ADMISSION IN LEGAL PROCEEDINGS—AFFIDAVITS. In a prosecution for unlawful possession of intoxicating liquor, it is admissible to receive in evidence, as an admission of the defendant, his affidavit made on a motion to suppress evidence, tending to show that the liquor was intoxicating; and the same is not objectionable as a "pleading" in the case, excluded by Rem. Comp. Stat., § 282.

SAME (133)—PRIOR PLEA OF GUILTY. A plea of guilty in justice court does not become *functus officio,* or inadmissible as an admission of the defendant, upon a retrial on appeal in the superior court.

INTOXICATING LIQUORS (30, 50)—OFFENSES—UNLAWFUL POSSESSION—EVIDENCE—SUFFICIENCY. In a prosecution for the unlawful possession of grape juice which was intoxicating, defendant cannot

[1]Reported in 209 Pac. 837.

claim that he was entitled to possess grape juice and not responsible if it fermented, in the absence of proof that he did not know it had fermented.

ON REHEARING.

CRIMINAL LAW (123, 124) — SEARCHES AND SEIZURES — EVIDENCE OBTAINED BY UNLAWFUL SEARCH—COLLATERAL INQUIRY — DUTY OF COURT. Where it appears during the progress of the trial that articles offered in evidence were unlawfully seized, they should be excluded upon objection; but if the unlawful seizure does not appear, the court need not stop the trial to investigate the disputed circumstances under which the articles were seized, unless it is shown that the party could not, by reasonable diligence, have learned of the unlawful seizure before the trial.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered January 30, 1922, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*E. S. Snelling* and *John I. O'Phelan,* for appellant.

*Herman Murray* and *Edward M. Connelly,* for respondent.

BRIDGES, J.—The appellant was charged with, and convicted of having, the unlawful possession of intoxicating liquors.

He was operating a so-called soft-drink place, in the city of Raymond, Washington. On January 1, 1921, the officers of the law visited his place, found and took away with them some intoxicating liquor, which was subsequently admitted in evidence on behalf of the state. Immediately following the calling of the case for trial, and when the court was ready to make up a jury, but before any prospective jurors had been called, the appellant moved the court to require the return of the liquor to him, or to suppress it as evidence in the case, on the ground that it had been seized without a search warrant. This motion was supported by appellant's

affidavit, tending to show that the officers visited his place of business at about eight o'clock in the evening, and, without displaying or having any search warrant, searched his premises and obtained the liquor mentioned. The affidavit further showed that the appellant "did not ascertain for a certainty until May 3, 1921, at the hour of about 11 o'clock a. m.," that the officers making the search did not have a search warrant. The trial court declined to hear this motion for the reason it was not timely made. Of this ruling the appellant complains here. The facts are that the liquor was obtained on the evening of January 1, 1921, and the information against appellant was filed on January 15 of the same year, and that appellant was arrested and arraigned on January 16, and that the case came on for trial on May 4. Under these circumstances, we think the court's ruling was right. When a case of this character is called for trial, the court is not required at that time to try out and investigate the circumstances under which the liquor was taken to determine whether it was admissible in evidence. While this particular question has been presented to this court two or three times, we have not been required to pass on it. The question is elaborately and learnedly discussed in the case of *People v. Marxhausen,* 204 Mich. 559, 171 N. W. 557. The court there said:

"It must be patent that upon the trial of a criminal case the court cannot pause in the trial when a bit of evidence, admissible under general rules, is offered, to engage in a collateral inquiry as to how the prosecution became possessed of such evidence. That would be the trial of a collateral matter, and as a general proposition the courts have so held, and where the evidence offered was competent, have not paused in the trial to determine the collateral issue of whether the evidence was legally secured or not."

In 10 R. C. L. 933, the rule is stated as follows:

"The principle underlying the decisions admitting the evidence is that an objection to an offer of proof made on the trial of a cause raises no other question than that of the competency, relevancy and materiality of the evidence offered, and that consequently the court, on such an objection, cannot enter on the trial of collateral issue as to the source from which the evidence was obtained. But since there is a right, there must of necessity be a remedy, and the remedy is to be found in the making of a timely application to the court for an order directing the return to the applicant of the papers unlawfully seized. On such an application, the question of the illegality of the seizure may be fully heard, and if the court erroneously refuses to order a return of the papers, and thereafter receives them in evidence against the applicant over his objection, it is an error for which a judgment of conviction must be reversed."

The supreme court of the United States has adopted the same rule. See *Taylor v. Benham*, 46 U. S. 233, 12 Law Ed. 130.

We are of the opinion that a rule of this character not only works no injustice on the person charged with the crime, but greatly facilitates the trial of cases.

But appellant contends that his application showed that he did not learn that the liquor was seized without a search warrant until the day before the case was called for trial. Appellant's affidavit hardly justifies this statement, because it shows that he did not "learn for a certainty" that such was the case until about eleven o'clock of the day before the case was called for trial. It was the duty of the appellant to make an investigation to determine whether the liquor was seized with or without a warrant, if he wanted to raise that question at the trial. He would not be permitted to sleep on his rights and then raise the question at a time

when the determination of it would greatly delay the proceedings. There is no reason that we can see why, had he made a reasonable investigation, he should not long before have learned whether a search warrant had been issued. Four months expired between the time of the taking of the liquor and the time he presented his motion to suppress. It may be conceded that circumstances may arise where it would be the duty of the court to stop in the midst of a trial and determine this collateral question, but the facts here do not present such a case. In any event, it is admitted by the appellant that, during the forenoon of the day before the case was called for trial, he learned for a certainty that the seizure had been accomplished without any search warrant. It was his duty, immediately upon obtaining the information, to make his motion to suppress the testimony and have it brought before the court. There is no showing why he did not do this. We find nothing in the record which would excuse the appellant from presenting his motion at an earlier period.

Appellant contends that his objection to the receipt of this liquor in evidence during the trial should have been sustained. But this is untenable for the reasons hereinbefore stated. Under the testimony introduced by the state, the liquor was properly admissible as an exhibit, unless it had been unlawfully obtained, and at that stage of the proceedings the court could not stop to inquire into that collateral question.

During the trial the state introduced in evidence appellant's affidavit in support of his motion to suppress this testimony. This affidavit stated, among other things, that certain officers entered his premises and proceeded to search them while he was away, and that "the result of said search was the finding of some liquor, to-wit:—fermented grape juice, containing al-

cohol and being an intoxicant, of which the said officers took possession." This affidavit, if admissible, tended to show that the liquor which had been seized by the officers was intoxicating. Appellant objected to the receipt of this affidavit in evidence, and now claims error thereon. He contends that its receipt was in violation of § 282, Rem. Compiled Statutes, which provides that "no pleading shall be used in a criminal prosecution against the parties as evidence of the fact alleged in such pleading." The affidavit was not a pleading in this or any other case, and therefore does not come within the statute. It supported an objection to the receipt of certain evidence. It contained certain admissions which tended to prove appellant's guilt. For this purpose it was admissible.

"A written statement by a defendant, when prepared deliberately and seriously, is not only admissible in evidence against him, but is of weight proportioned to its solemnity, and pertinency." Wharton's Crim. Evidence, vol. 2, p. 1328 (10th ed.).

In the case of *State v. Bringgold,* 40 Wash. 12, 82 Pac. 132, 5 Ann. Cas. 716, we said:

"It is next assigned that the court erred in permitting the state to show that the appellant had pleaded guilty to the complaint filed against him in the justice's court. It is argued that this plea became *functus officio* after it was withdrawn, and was no longer admissible as evidence. There are cases which maintain this rule, but we think the better rule is the other way. It is generally held that extrajudicial confessions, voluntarily made by a defendant, are admissible against him as evidence tending to show the fact confessed, whether or not the confession itself, or the matter of the confession, be afterwards denied."

See, also, *State v. Hopkins,* 13 Wash. 5, 42 Pac. 627.

Appellant further contends that the evidence was insufficient to justify the verdict. The substance of his

argument is that, in the first place, the liquor in question was grape juice, which, under the law, he was entitled to possess, and if because of fermentation, for which he was not responsible, this grape juice later became intoxicating liquor, he ought not to be held liable for possessing it. It seems to us that the mere statement of this proposition shows its fallacy. It might have been competent for appellant to undertake to show to the jury that he did not know that his grape juice had become intoxicating liquor. This he did not do. Certainly, in the absence of this proof, the jury had a right to conclude that he knew of the transformation.

The judgment is affirmed.

PARKER, C. J., FULLERTON, TOLMAN, and MITCHELL, JJ., concur.

### ON REHEARING.

[En Banc.  May 10, 1923.]

BRIDGES, J.—We adhere to the views expressed by us in the Department decision, and approve of the disposition there made of this case.

Inasmuch, however, as the case has been presented to the whole court, we deem it advisable to elaborate somewhat on the question of the admission in evidence of articles seized by the police officers. In this case, the facts were that the intoxicating liquor which was offered in evidence by the state had, with the knowledge of the defendant, been taken by the police officers some months before the trial. When the case was called for trial, and immediately before the jury was made up, the appellant moved the court to refuse to receive the liquor in evidence for the reason that it had been unlawfully seized by the police officers without any search warrant. This motion was supported by appellant's affidavit, and at the same time he offered to prove the unlawful seizure. The court refused to hear this mo-

tion because it had not been seasonably and timely made. At the trial, the liquor was offered in evidence by the state and received over the objection of appellant. There was nothing in the state's evidence to indicate that the liquor had been unlawfully seized.

In discussing this question, the Department decision says:

"When a case of this character is called for trial, the court is not required, at that time, to try out and investigate the circumstances under which the liquor was taken, to determine whether it was admissible in evidence."

Questions of this character generally arise under one of the three following circumstances:

(1) Where, by the direct or proper cross-examination of the state's witnesses, it is made to appear, or it is otherwise admitted, that the articles which are offered in evidence were unlawfully seized. Under those circumstances, it is the duty of the trial court, upon objection, to refuse to receive them in evidence. No question of fact exists under these circumstances. The court is only called upon to rule on the admissibility of evidence upon admitted or conceded facts. It is not required to stop in the midst of the trial and try a collateral fact.

(2) Where, during the trial, the seized articles are offered in evidence, and it does not appear from the state's testimony, or otherwise, that such articles were unlawfully seized, and objection is made to the introduction of such evidence, on the ground that it was unlawfully seized, and the defendant offers by affidavit, or otherwise, to prove such unlawful seizure, the court should receive the articles in evidence, because it will not, at that stage of the proceedings, stop to investigate the disputed circumstances under which the ar-

ticles were seized. If, under these circumstances, the defendant desires to suppress, as evidence, the articles taken, he must, within a reasonable time before the case is called for trial, move for such suppression, and thus give the court an opportunity to separately try out this disputed question of fact. One exception to this rule would be— .

(3) Where, during the trial of the case, the defendant objects to the receiving of the articles in evidence, on the ground that they had been unlawfully seized, and offers to prove such unlawful seizure, and to further prove that, by the exercise of reasonable diligence, he could not before have learned that the articles had been unlawfully seized, the court should stop in the trial of the case and determine the collateral issue concerning the legality of the seizure. This, for the reason that the defendant has not previously had an opportunity to raise the question. Where the defendant has had previous knowledge that the articles were taken, it is not unfair to him that he should be required to move, prior to the time of the trial, to suppress the articles as evidence. But where he has not had the opportunity of obtaining the knowledge of the taking until the articles are offered in evidence, it would be a harsh and unfair rule to deprive him of the right, during the trial, to object to the introduction of the articles in evidence and to prove, if he can, the ground of his objection. *Gouled v. United States*, 255 U. S. 298.

The appellant's attorneys in their petition for rehearing and their argument, assert that the opinion of the Department, while in accord with the older doctrine, is directly against the more recent authorities, particularly cases of such recent decision as not to have been cited in the original briefs. We have very carefully read all the cases cited, and we believe that

there is not one which takes a more advanced position on this somewhat troublesome question than was taken by the Department decision. Numerous cases have been cited in support of the general contention that the court will stop in the midst of a trial and hear evidence upon the disputed fact whether the articles offered in evidence were or were not lawfully taken. The following are some of the more recent cases cited in support of this assertion: *Holmes v. United States,* 275 Fed. 49; *Dukes v. United States,* 275 Fed. 142; *Berry v. United States,* 275 Fed. 680; *Honeycutt v. United States,* 277 Fed. 939; *O'Connor v. Potter,* 276 Fed. 32; *State v. Wills,* 114 S. E. (Va.) 261; *Williams v. State,* 92 South. (Miss.) 584; *Youman v. Commonwealth,* 189 Ky. 152, 224 S. W. 860; *Gouled v. United States, supra.* These and other cases cited by the appellant do not support his contention. In each of them the state's testimony affirmatively showed, or it was conceded as a fact, that the articles offered in evidence had been unlawfully seized, thus bringing the rule laid down by us directly within the doctrine of those cases. It would unnecessarily extend this opinion to refer in detail to the facts in the various cases cited.

There are many cases which hold that, when an article is offered in evidence in support of the contention of the state, if it is otherwise admissible, the court will not inquire as to the manner in which it was obtained. This rule was at one time supported by the supreme court of the United States. *Adams v. New York,* 192 U. S. 585. Indeed, until very recent years, the great weight of authority has supported that view, but courts have recently quite generally receded from the doctrine of the *Adams* case and those supporting it, and now take the view which we have hereinbefore expressed. Appellant greatly relies on the case of

*Gouled v. United States, supra.* There the facts were certified by the lower court and it was admitted that the article offered in evidence had been illegally seized. It does not support appellant's contention.

Nor can we agree with the assertion of the appellant that the conclusion to which we have come is contrary to the view expressed in *State v. Gibbons,* 118 Wash. 171, 203 Pac. 390.

In that case, the defendant moved, before the trial of the case, for the suppression of the liquor as evidence, and it also appears that, at the trial, the state's testimony affirmatively showed that the liquor had been unlawfully seized, for the opinion says:

"Thereafter appellant plead not guilty and the trial proceeded; during which the whiskey was introduced in evidence by the prosecution, over the objection of appellant's counsel, after the facts showing the manner of its illegal seizure by the sheriff, as above related, had fully appeared by the testimony of the state's own witnesses."

The judgment is affirmed.

MAIN, C. J., MACKINTOSH, HOLCOMB, TOLMAN, and PARKER, JJ., concur.

MITCHELL, J. (concurring)—I think the articles received in evidence were properly admitted.

PEMBERTON, J., concurs with MITCHELL, J.