[No. 17115.   Department One.   October 7, 1922.]

THE STATE OF WASHINGTON, *Respondent*, v. BEN SMATHERS *et al., Appellants.*[1]

CRIMINAL LAW (123,124)—EVIDENCE—SUPPRESSION—TIME TO MOVE —WAIVER. An objection in a criminal case to the admission in evidence of books belonging to the defendants, wrongfully seized by the officers without any search warrant, is properly overruled for want of any timely proceeding to suppress the same as evidence, where it appears that they were in the possession of the officers for a month prior to the commencement of the trial, under circumstances fully advising defendants that they were held for the express purpose of using them as evidence against them.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered October 4, 1921, upon a trial and conviction of being jointists. Affirmed.

*O. T. Webb* and *Coleman & Fogarty*, for appellants.

*Thos. A. Stiger* and *Q. A. Kaune*, for respondent.

PARKER, C. J.—The defendants, Ben Smathers, Russell Smathers and Frank Wilcott, were, by information filed in the superior court for Snohomish county, jointly charged with the offense of maintaining in that county a place for the unlawful sale of intoxicating liquor. They were tried together in that court, sitting with a jury, and all were found guilty. Judgments of conviction were rendered accordingly against each of them, from which each has appealed to this court.

[1]Reported in 209 Pac. 839.

The only contention here made in behalf of appellants is that the trial court erred to their prejudice in admitting in evidence against them, over the objection of their counsel, certain books of account which, with other evidence, tended to show that they were maintaining a place for the unlawful sale of intoxicating liquor. Counsel for appellants do not argue that the books were incompetent, irrelevant and immaterial as evidence touching the question of appellants' guilt, but insist that the books should have been excluded from consideration by the jury because, as it is claimed, they were unlawfully seized and taken by officers of the law from the possession of appellants in violation of their constitutional guaranties as expressed in §§ 7 and 9, art. I, of our state constitution, as follows:

"No person shall be disturbed in his private affairs, or his home invaded, without authority of law."

"No person shall be compelled in any criminal case to give evidence against himself, . . ."

It seems plain from the record before us that the books here in question were in the hands of the officers, who, it is claimed, unlawfully seized and took them from the possession of appellants, or in the hands of counsel representing the state in this case, for at least a period of one month before the commencement of the trial of this case in the superior court. We think it is also plain that the books were so held by the officers or counsel representing the state in this case under such circumstances as to fully advise appellants that the books were so held for the express purpose of using them as evidence for the state against appellants in this case. There is no showing that there has been presented to the superior court in behalf of appellants any application looking to the ordering of the return of the books to their possession. There is no showing that

there has been any application to the superior court looking to the suppression of the books as evidence against appellants, nor any objection to the introduction of the books in evidence, until after the commencement of the trial in the superior court, when for the first time counsel for appellants objected to the introduction of the books in evidence, which objection, in so far as it is here argued by counsel, is rested solely upon the ground that the books were unlawfully seized and taken from the possession of appellants by officers of the law and thereafter retained either in their possession or in the possession of counsel representing the state in this case.  The ruling of the trial court upon this objection was in effect a declining on its part to go into the question of whether or not the books had been unlawfully seized and retained from the possession of appellants in violation of their constitutional rights.

These facts we think render it plain that the question of the right of the state to introduce the books in evidence in this prosecution against appellants must be answered against their counsel's contention by the all but universally adopted general rule that courts in criminal cases will not pause during the course of the trial to inquire as to how the possession of evidence tendered by the prosecution has been obtained.  This general rule was recognized by this court as the law in *State v. Royce,* 38 Wash. 111, 80 Pac. 268, 3 Ann. Cas. 351, and is reaffirmed in our decision this day rendered in *State v. Dersiy, ante* p. 455, 209 Pac. 873.  We think there was nothing presented to, or in any manner coming to the attention of, the trial court calling for a ruling in favor of appellants as against the right of the state to introduce the books in evidence, or calling for

the trial court's entering upon an inquiry as to the unlawfulness of the seizure and holding possession of the books by the officers and counsel for the state. This is not a case of a ruling against appellants in a hearing, timely applied for, touching the question of the unlawfulness of the taking and retention of the books from their possession; nor is it a case wherein the court was called upon for any reason to notice the manner of the obtaining of the books by the officers and counsel for the state, as in *State v. Gibbons*, 118 Wash. 171, 203 Pac. 390, and other similar cases. Our decision in *State v. Dersiy* is conclusive against appellants' contentions here made.

The judgments are affirmed.

MITCHELL, BRIDGES, FULLERTON, and TOLMAN, JJ., concur.

## ON REHEARING.

[*En Banc*.   May 10, 1923.]

PER CURIAM.—The Department opinion is right. What we have said in the case of *State v. Dersiy, ante* p. 455, 209 Pac. 837, is directly controlling of this case. The judgment is affirmed.