[No. 17802. Department Two. August 20, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES ENNIS *et al., Appellants.*[1]

INTOXICATING LIQUORS (50)—CRIMINAL PROSECUTIONS—JOINTIST— EVIDENCE—SUFFICIENCY. Whether the accused were guilty of being jointists is a question for the jury, where the state's evidence tended to show that they kept a rooming house in which intoxicating liquors were sold to guests and to persons who came there to buy liquors, at the express direction of the accused as proprietors of the place.

SAME (49)—JOINTIST—EVIDENCE—ADMISSIBILITY. In a prosecution of proprietors of a rooming house for being jointists, it is not reversible error to admit in evidence the house register, tending to prove the number of persons resorting to the place and indicating a resort thereto for other purposes than to obtain lodgings.

SAME (53)—SEARCHES AND SEIZURES—VALIDITY OF WARRANT—PRESUMPTION. In a prosecution for being a jointist, a lodging house register, seized by officers having a search warrant, cannot be excluded as evidence on the ground that the warrant did not authorize the seizure, where no motion was made to suppress the evidence until it was offered at the trial.

Appeal from a judgment of the superior court for Snohomish county, Grimshaw, J., entered June 15, 1922, upon a trial and conviction of being a jointist. Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellants.

PER CURIAM.—The appellants, James Ennis and Lillian Ennis, were convicted of the crime of maintaining a place for the unlawful sale of intoxicating liquors. On their appeal from the judgment of conviction, they assign error on the ruling of the trial court denying their challenge to the sufficiency of the evidence to sustain a conviction, and error in admitting in evidence, over their objection, the guest register of the rooming

[1]Reported in 217 Pac. 513.

house with which they were charged with maintaining as a place for the sale of intoxicating liquors.

On the first of the objections, the most that can be claimed concerning it is that there was a conflict in the evidence. The appellants do not deny that they maintained the place as a rooming house, but testified and contend that this was its sole purpose, and that, if intoxicating liquor was sold in the house at all, it was sold by roomers therein without their knowledge or consent. The state's evidence, on the other hand, tended to show that the place was not only maintained as a rooming house but as a place where intoxicating liquor was regularly sold; that it was sold to guests of the place and to persons who came there for the sole purpose of purchasing intoxicating liquors, and that such sales were made under the express directions of the appellants as proprietors of the place. The question was, therefore, one for the jury, and this court is without warrant to disturb their verdict.

The admission of the register in evidence was objected to on two grounds: first, that it was immaterial and prejudicial in itself; and, second, that it was unlawfully seized, and thus inadmissible under the authority of *State v. Gibbons,* 118 Wash. 171, 203 Pac. 390. The state offered the exhibit on the theory that it showed an undue number of guests for a rooming house of the capacity of the one in question, and was thus an indication that resort was had thereto by persons for some other purpose than the mere purpose of obtaining lodging. The argument against the admission of the evidence is that it is so far remote from the issue to be proved as to have no probative effect on that issue, and that its only tendency could be to mislead the jury. But we cannot conclude its admission reversible error. It had a tendency to prove the number of persons resorting to the place, and a too pros-

perous business would naturally lead to the conclusion that resort was had thereto for purposes other than the mere purpose of obtaining lodgings. No complaint is made of the manner in which the court instructed the jury, and it will be presumed that it limited the proof to its legitimate purpose.

The register was seized by officers having a warrant for a search of the premises. The warrant was not introduced in evidence, and whether it specially authorized the seizure of the register is not shown. On this ground alone, it would seem that error could not be predicated on the ruling of the court, since the presumption of regularity always follows the acts of officers having in execution writs of court. But assuming, as the appellants argue, that the warrant authorized the search for and seizure of intoxicating liquors alone, we cannot hold the register inadmissible as evidence. Its seizure was known by the appellants at the time of its taking, and they did not move for its suppression as evidence until it was offered in evidence at the trial. This was too late to be effective under the rule of the case of *State v. Dersiy,* 121 Wash. 455, 209 Pac. 837.

Judgment affirmed.