[No. 18508.  Department Two.  July 7, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. RACKICH
IKEDA, *Appellant*.[1]

INTOXICATING LIQUORS (28, 50)—UNLAWFUL MANUFACTURE—EVI-
DENCE—SUFFICIENCY.  A conviction of manufacturing intoxicating
liquor in the sub-basement of a dwelling is sustained by proof that
defendant was found therein with a large still in operation and
much mash and moonshine whiskey, when officers were admitted
to the place by another, notwithstanding evidence that the premises
were occupied as a residence.

CRIMINAL LAW (296)—INTOXICATING LIQUORS (51)—TRIAL—IN-
STRUCTIONS.  In a prosecution for manufacturing intoxicating liquors,
in which two were jointly informed against as principals, it is
proper to give an instruction as to aiding and abetting under evi-
dence that both participated, in view of Rem. Comp. Stat., § 2260.

INTOXICATING LIQUORS (28, 51)—UNLAWFUL MANUFACTURE—STAT-
UTES—INTENT—INSTRUCTIONS.  Under a charge of manufacturing in-
toxicating liquor "for the purpose of sale," under Rem. Comp. Stat.,
§ 7338, it is proper to instruct the jury on the subject of intent.

Appeal from a judgment of the superior court for
King county, Mills, J., entered September 21, 1923,
upon a trial and conviction of the unlawful manufac-
ture of intoxicating liquor.  Affirmed.

*T. D. Page,* for appellant.

*Malcolm Douglas* and *Cordelia M. Thiel,* for re-
spondent.

MITCHELL, J.—Rackich Ikeda and M. Saito were
jointly charged with the crime of the unlawful manu-
facture of intoxicating liquor for the purpose of sale.
They were tried together.  Saito was acquitted.  Ikeda
was found guilty by the jury, and has appealed from
a judgment and sentence upon the verdict.

The facts in the case were that the place of manu-
facture was a sub-basement of a residence.  The officers

[1]Reported in 227 Pac. 14.

making the search were admitted to the house by Saito. In one corner of the basement they removed more than a cord of wood, disclosing a doorway into the sub-basement. Finding the sub-basement dark, they entered it with the use of a flashlight. There they found the defendant Ikeda. They also found a still in operation, about one thousand gallons of mash in a state of fermentation, and ninety gallons of moonshine whiskey done up in five gallon kegs, each in a gunny sack. The room was equipped with an electric fan and supplied with an electric signal device that reached into the kitchen on the ground floor, with a buzzer at each end. Under this evidence we are satisfied that the court properly denied appellant's motion for a directed verdict of not guilty, notwithstanding testimony on behalf of the appellant that a woman and two small children, apparently the wife and children of one who was at work elsewhere, occupied the residence as a home at the time of the search.

Error is assigned upon an instruction as to aiding and abetting, both defendants having been informed against as principals. They were so charged correctly under § 2007, Rem. Comp. Stat. [P. C. § 9132], and in consideration of the fact that Saito was being tried jointly with the appellant, and in further consideration of the evidence as to Saito's connection with the transaction, the instruction was proper under the section of the code just referred to, together with § 2260, Rem. Comp. Stat. [P. C. § 8695], and the case of *State v. Malsogoff*, 88 Wash. 419, 153 Pac. 379.

Another assignment is that the court erroneously instructed the jury upon the subject of intent. The argument is that the law makes the manufacture of intoxicating liquor an offense and that one who engages in it violates the law irrespective of the question

of intent. The argument overlooks the fact that the appellant was not charged with the crime of manufacturing intoxicating liquor as defined in initiative measure No. 3, Laws of 1915, p. 3, that was discussed in *State v. Fabbri,* 98 Wash. 207, 167 Pac. 133, L. R. A. 1918A 416, relied on by the appellant, but, on the contrary, he was charged with the crime of the unlawful manufacture of intoxicating liquor *for the purpose of sale,* under the later act, Laws of 1921, ch. 122, p. 398, § 1; (Rem. Comp. Stat., § 7338) [P. C. § 3193], which as stated in *State v. Douglas,* 122 Wash. 387, 210 Pac. 778, "plainly includes not only the bare manufacture of intoxicating liquor, as prescribed in the original act, but also includes the element of intent to sell, barter and exchange, and, besides, prescribes a greater punishment than the original act does for the bare manufacture." The instruction complained of on the subject of intent was appropriate.

The motion for a new trial was properly denied, while the complaint against the sentence imposed is not meritorious, it being the minimum prescribed by the statute.

Affirmed.

PEMBERTON, FULLERTON, PARKER, and BRIDGES, JJ., concur.