[No. 18723. Department One. November 19, 1924.]

THE STATE OF WASHINGTON, *Respondent,* v. MIKE NILNCH, *Appellant.*[1]

CRIMINAL LAW (61-63)—TRIAL—ARRAIGNMENT AND PLEA—WAIVER OF OBJECTIONS. The failure to arraign accused until the jury was empanelled is not prejudicial error, where there was no request for additional time to plead or for a continuance.

SAME (186)—TRIAL—RIGHT TO SPEEDY TRIAL—WAIVER OF RIGHT. After the trial has been commenced, it is too late to ask for the dismissal of a criminal case because of failure to bring the accused to trial within sixty days after filing the information.

INTOXICATING LIQUORS (53)—SEARCHES AND SEIZURES—VALIDITY—AUTHORITY IN ABSENCE OF SEARCH WARRANT. In a prosecution for unlawful possession of liquor, the liquor in plain view in accused's automobile, seized by the officers without a search warrant, may be used in evidence.

CRIMINAL LAW (123, 124)—EVIDENCE WRONGFULLY OBTAINED—SUPPRESSION—TIME TO MOVE—WAIVER. In a prosecution for unlawful possession of liquor, seized without a search warrant, there must be a timely application to suppress the evidence in order to object to its introduction.

Appeal from a judgment of the superior court for Grays Harbor county, Abel, J., entered December 22, 1923, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*Martin F. Smith,* for appellant.

*W. J. Murphy,* for respondent.

[1]Reported in 230 Pac. 129.

Tolman, J.—Appellant was charged with unlawful possession of intoxicating liquor for the purpose of sale, etc., and by the verdict of a jury was found guilty of unlawful possession. Appealing, he presents three distinct questions:

(1) After the empaneling of the jury and the opening statement of counsel, the court's attention was called to the fact that the defendant had not theretofore been arraigned. Thereupon, over the objection of his counsel, the defendant was arraigned, and he standing mute, the court ordered a plea of not guilty to be entered in his behalf. No request for additional time to plead, or for a continuance, was made. This action of the trial court is assigned as error. But we think it is a mere irregularity not affecting any of appellant's substantial rights. What has already been said by this court in *State v. Straub,* 16 Wash. 111, 47 Pac. 227; *State v. Sexton,* 37 Wash. 110, 79 Pac. 634; *State v. Kinghorn,* 56 Wash. 131, 105 Pac. 234, 27 L. R. A. (N. S.) 136, and *State v. Garland,* 65 Wash. 666, 118 Pac. 907, is sufficient answer to appellant's argument, and further comment is unnecessary.

(2) It is urged that the trial court erred in denying appellant's motion to dismiss for failure to bring the case to trial within sixty days after the date of the filing of the information. Passing the question of an agreement of his counsel that the case should be continued, and like matters, it appears that the motion to dismiss was not filed until the day the case was set for trial, and was not called to the attention of the court until the case was actually reached for trial. The question thus presented has been decided adversely to appellant's contention, *State v. Seright,* 48 Wash. 307, 93 Pac. 521; *State v. Alexander,* 65 Wash. 488, 118 Pac. 645; *State v. Miller,* 72 Wash. 154, 129 Pac. 1110. In the *Alexander* case, *supra,* this court said:

"After the trial has begun, or when it is about to take place, it is too late for the defendant to move for a dismissal. The statute provides a remedy for the defendant when the prosecutor without cause does not bring the case to trial. It was not intended as a means to escape or a method of delay when the trial is at hand. If the motion had been made prior to the time of trial, the court, for good cause shown, would refuse a dismissal. When the trial is at hand, the defendant will be held to have waived his right under the statute. There was, therefore, no error in the refusal of the court to dismiss the action when it was on trial."

(3) The third assignment of error is that the liquor seized by the officers without a search warrant was improperly received in evidence. We think it sufficiently appears from the record that the liquor was in plain view in the appellant's automobile, and that the offense was committed in the presence of the officers, to obviate the necessity for a search warrant under the authority of *State v. Llewellyn,* 119 Wash. 306, 205 Pac. 394; *State v. Miller,* 121 Wash. 153, 209 Pac. 9; *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841; *State v. Duncan,* 124 Wash. 372, 214 Pac. 838, and *State v. Basil,* 126 Wash. 155, 217 Pac. 720. But however that may be, the fact of the seizure of the liquor by the officers was known to the appellant at the time and he did not, by timely application or otherwise, move to suppress the evidence, under the rule laid down in *State v. Dersiy,* 121 Wash. 455, 209 Pac. 837; *State v. Smathers,* 121 Wash. 472, 209 Pac. 839; *State v. Ennis,* 126 Wash. 116, 217 Pac. 513, and *State v. McCormick,* 127 Wash. 288, 220 Pac. 808.

We find no merit in the other errors assigned, and a discussion of them seems unnecessary.

The judgment appealed from is affirmed.

MAIN, C. J., HOLCOMB, PARKER, and BRIDGES, JJ., concur.