[No. 20095. Department One. December 20, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. ED. PIELOW, *Appellant*.[1]

[1] CRIMINAL LAW (123, 124)—EVIDENCE WRONGFULLY OBTAINED—SUPPRESSION—TIME TO MOVE—WAIVER. A motion to suppress evidence of intoxicating liquor, taken from an automobile upon a search without a warrant, is not timely, when made at the trial, where defendant knew of the seizure at the time it was made and had been represented by attorneys before the trial in ample time to present a motion to suppress before trial.

[2] INTOXICATING LIQUORS (29, 50)—ILLEGAL TRANSPORTATION—EVIDENCE—SUFFICIENCY. A conviction of unlawfully transporting intoxicating liquor with intent to sell the same is sustained by evidence of the defendant's presence at a garage when the car was driven in late at night, his display of interest in repairs, the finding of sacks of liquor in the car, and the fact that when arrested, he gave a fictitious name, and that the license for the car was in the same name.

[3] WITNESSES (104)—IMPEACHMENT—EVIDENCE OF FORMER CONVICTION. Defendant's previous conviction of a crime may be shown by the state on rebuttal to affect his credibility, without first cross-examining him as to such previous conviction, where he offers himself as a witness, in view of Rem. Comp. Stat., § 2290, which provides that for the purpose of affecting his credibility, such conviction may be shown either by the record or by cross-examination.

[4] CRIMINAL LAW (21, 296)—PARTIES TO OFFENSES—PRINCIPALS AND ACCESSORIES—INSTRUCTIONS. Upon a charge of illegally transporting intoxicating liquor with intent to sell the same, as a principal, it is proper to instruct that he may be found guilty as an accessory for aiding and abetting, although not personally operating the car, where it appears that he was present at the time and place of the commission of the offense, and if guilty at all was guilty as a principal in either the first or second degree, as to which there is no difference under Rem. Comp. Stat., § 2007.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered September 29, 1925, upon a trial and conviction of unlawful trans-

[1] Reported in 251 Pac. 586.

portation of intoxicating liquor with intent to sell. Affirmed.

*Joseph H. Smith,* for appellant.

*C. T. Roscoe* and *Charles R. Denney,* for respondent.

HOLCOMB, J.—Appellant was informed against under the name of F. L. Ludlow, and accused of the offense of wilfully and unlawfully transporting twenty cases of whiskey in sacks in Snohomish county, on or about May 8, 1925, the whiskey being intoxicating liquor capable of being used as a beverage, and being so transported with the intent of making and effecting the unlawful sale of the same. To this information, appellant, under the name of Ed. Pielow, pleaded not guilty, and on September 29, 1925, his case was brought to trial and a verdict of guilty returned. A motion for a new trial having been denied, judgment was pronounced upon the verdict.

It appears from the record that, on May 8, word was received by the office of the sheriff of Snohomish county, giving the make, license number and color of an automobile which was stated to contain intoxicating liquor, being driven from the direction of Mt. Vernon toward Everett. Several officers from the sheriff's office and police officers of Everett went out on the highway in the direction of Mt. Vernon to intercept the car; the car did not reach them, but they were informed by an officer of the state highway patrol that the car was in a garage in Marysville, in Snohomish county, about twelve miles from Everett, being repaired by one of the owners of the garage. The officers then went to the garage in Marysville, where they found the car referred to, which was being repaired at the time by one of the owners of the garage, who testified in the trial of the case for the state.

His evidence summarized, as it is necessary, on the issues of the case, to summarize the evidence of the state, was to the effect that: A little after twelve o'clock, when the garage man was alone in the garage, eating his lunch in an office room located in one corner, a car was driven in; that he went out into the space where the car was standing and a young man, sitting at the wheel, got out of the car, told him that there was something the matter with it, and that "we will have to have it fixed". Appellant, at that time, was standing about twenty-five feet back from the car, and near the entrance of the garage. There were no other persons present, except the garage man, the young man who had been sitting at the wheel of the car, and appellant. The witness had no conversation immediately with appellant, but talked with the young man, who had apparently driven the car in. After stating that the car would have to be fixed, the young man asked for a lavatory and went off toward it. The garage man went to the car to see what was the matter with it, and appellant came over to him. He asked what was the matter with the car, upon which the witness told him that there was something wrong with the rear; that he would have to take the wheel off; and, after some difficulty in getting the wheel off, he asked appellant to help him take it off; that appellant then took off his coat and helped him remove the wheel. Appellant said, "I suppose it has got to be fixed". It required four or five hours to make the repairs to the car, long after appellant had been taken away from the garage under arrest, and about five o'clock, the other man came, paid the garage man for the repairs, and went away in the car. He was never proceeded against.

The first person to appear after the car was driven into the garage, and the only person, other than as

above stated, were the two highway patrol officers. One of them told the other to remain with the car while he went to notify the sheriff; and when the other officers reached the garage, they immediately made a search of the interior of the car, which was a large Marmon touring car, and found the sacks of whiskey. The sheriff asked appellant if he owned the car, to which appellant made no answer. The sheriff then said he would have to take appellant in, upon which appellant stated that would be all right. Upon reaching the jail, appellant gave his name as F. L. Ludlow to the sheriff, who then investigated the registry of the car and found that that particular car was listed in that name. The garage man also testified that the trouble with the car was brake trouble, and one of the officers testified that he asked appellant what was the matter with the car, to which appellant replied that it was emergency brake trouble. At that time he was standing by the car with his coat off—in his shirt sleeves.

Appellant testified in the case, and made no explanation of the reason for his presence in the garage at the time the car was first brought in to be repaired, merely denying that he owned the car or had anything to do with it; or that he gave the name Ludlow to the sheriff, stating that the name Ludlow was obtained by the highway patrol officers from the license register, who gave it to the jailer, and the jailer accordingly registered appellant as Ludlow; that he knew nothing of his name being registered as Ludlow until some time afterwards.

[1] At the beginning of the trial, appellant moved to suppress all the evidence of the contents of the car, stating that there had been no search warrant issued for the purpose of searching the car, and that counsel for appellant had just been retained on the eve of trial.

It appears, however, from statements of counsel, that appellant had been represented by Seattle attorneys for some time previously. The court stated that appellant had known of the case being on the calendar at all times since June. The court, therefore, overruled the motion to suppress on the ground that it was not timely made; that the court could not stop at that time and go into the question, inasmuch as the case was already called for trial.

Since appellant himself knew that the contents of the car had been seized on May 8, and had been represented by counsel in Seattle, which was only forty miles from Everett, he had ample opportunity to present a motion to suppress the evidence prior to the commencement of the trial. The motion to suppress was therefore properly denied. *State v. Dersiy,* 121 Wash. 455, 209 Pac. 837; *State v. Smathers,* 121 Wash. 472, 209 Pac. 839; *State v. Ennis,* 126 Wash. 116, 217 Pac. 513; *State v. McCormick,* 127 Wash. 288, 220 Pac. 808; *State v. Nilnch,* 131 Wash. 344, 230 Pac. 129.

Appellant also contends that the evidence is not sufficient to justify submitting the case to the jury, or to sustain the verdict.

[2] While the evidence is indeed meager, what we have set out, we think, sufficiently sustains the verdict, if the jury believed therefrom and from the inferences derivable from such evidence that appellant was, in fact, either the owner of the car or was aiding in its control and movements in transporting the liquor. The quantity of liquor contained in the car, if it was in the possession or control of appellant, either wholly or partially, was sufficient in itself to show that the transportation was for the purpose of unlawful sale. Appellant made no attempt to explain his presence when the car was first driven into the garage at Marysville. When the garage man went out of his office into the

main garage and found the car there, there was no
other person present except the driver, who was still
at the wheel, the garage man, and appellant. While
appellant displayed very little interest in the car or
its cargo, he did manifest some interest in them. The
fact, if it was a fact, that he gave a fictitious name,
Ludlow, and that the license for the same car was in
that name, was also an incriminating circumstance to
be considered by the jury. We are, therefore, forced
to the conclusion that the evidence was sufficient to take
the case to the jury, and to sustain the verdict of guilty.

[3] The next error claimed is in permitting the
state, upon rebuttal, after appellant had submitted him-
self as a witness, to prove the previous conviction of
appellant of crime by introducing a certified copy of
the record of conviction, and identifying appellant as
the person named in the certified copy of the convic-
tion by a witness. It is contended that the state had no
right to introduce this rebuttal evidence without first
having cross-examined appellant as to whether or not
he had ever been previously convicted, which the state
did not do.

It is true that it is the ordinary way of introducing
such evidence, but our statute is peculiar. Rem. Comp.
Stat., §2290, [P. C. §8725] reads:

"Every person convicted of a crime shall be a com-
petent witness in any civil or criminal proceeding, but
his conviction may be proved for the purpose of af-
fecting the weight of his testimony, either by the record
thereof, or a copy of such record duly authenticated by
the legal custodian thereof, or by some other competent
evidence, or by his cross-examination, upon which he
shall answer any proper question relevant to that in-
quiry, and the party cross-examining shall not be con-
cluded by his answers thereto."

Under this statute, obviously, the prosecution could
have cross-examined appellant as to whether or not he

had been previously convicted of crime. We have so held in many cases. But also, under the statute, the prosecution would not be concluded by the answers of appellant, and if appellant denied that he had ever been convicted, the prosecution could do the same thing that it did without any denial—that is, introduce the evidence of his previous conviction and identify him therewith. It is difficult to see how appellant could be prejudiced when, if he had been cross-examined upon this phase for the purpose of affecting his credibility, had he answered in the affirmative his credibility would have been affected; had he answered in the negative the state could have done what it did anyway, and no prejudice could result. *State v. Turner,* 115 Wash. 170, 196 Pac. 638; *State v. Cole,* 118 Wash. 511, 203 Pac. 942; *State v. Nichols,* 121 Wash. 406, 209 Pac. 689.

But the statute gives the alternative method of proving a previous conviction for the purpose of affecting the weight of a defendant's testimony as a witness, by the record, as was done in this case. Under our statute it would appear that the prosecution cannot be compelled to adopt one or the other method.

Appellant, upon this question, cites *Morrison v. Texas,* 85 Tex. Cr. 20, 209 S. W. 742, 6 A. L. R. 1607, and the case notes thereto citing many cases. In the principal case above cited, no reference is made to any statute governing the procedure. In very few of the cases cited in the notes is there any reference to any statute, but this statute is referred to in the notes in several of the cases cited to the effect that, where it is provided by statute that previous conviction of crime may be shown on the cross-examination of a witness for the purpose of affecting the credibility of his testimony, even when not specifically made applicable to the accused in a criminal case, is held to be applicable. That was stated to be the general rule.

Under our statute, we must hold that it is not essential, even in case of a defendant in a criminal prosecution testifying in his own behalf, that he be first cross-examined as to previous conviction of crime; that, when he offers himself as a witness, his previous conviction may be proven for the purpose of affecting the weight of his testimony either by the record thereof, or a copy of such record duly authenticated by the legal custodian thereof, or by other competent evidence.

[4] The last error claimed is in giving an instruction as follows:

"You are further instructed that if you find, beyond a reasonable doubt, that, at the time and place alleged in the information, a quantity of intoxicating liquor was being transported in Snohomish county, Washington, for the purpose of unlawful sale thereof, and you further find beyond a reasonable doubt that the defendant was present and connected with the operation and transportation of said liquor and was personally present, *aiding, abetting or assisting in its transportation,* with intent that the same should be sold, *then I instruct you that you should find the defendant guilty, even though you should not believe that the defendant himself was personally operating the car or personally owned the car.*

"In other words, it is sufficient to justify a verdict of guilty if you believe beyond a reasonable doubt that whiskey was being transported for the unlawful sale thereof *and that the defendant knew of the fact and was aiding and abetting in the transportation of said whiskey by being personally present, directing, encouraging or in any manner assisting in the direction or disposition of the conveyance* in which said intoxicating liquor was being transported, if any was being transported. Unless you so find beyond a reasonable doubt, then you should find the defendant not guilty."

Appellant contends that the words and phrases in italics are especially erroneous and harmful, because

he was charged in this case as a principal, and not as an accessory, or aider and abettor. He contends that, by the foregoing instruction, another offense is defined in this case, that of an aider or abettor, or accessory. It is conceded that the statute makes no distinction between an accessory before the fact and a principal, in either the first or second degree, so far as the manner of trial or the punishment is concerned. But it is contended that this court has always held, in conformity with the constitution and legislation, that a defendant is entitled to know the charge that he is being tried upon, and that the information must charge one crime only. *State v. Gifford,* 19 Wash. 464, 53 Pac. 709; *State v. Morgan,* 21 Wash. 355, 58 Pac. 215, are quoted to sustain that contention.

In both of those cases, the defendant was not present at the time and place of the commission of the crime, and the charges against both of them were of such a nature that, should a person be charged as a principal and the evidence show him to be an accessory before the fact, not present at the time and place of the commission of the offense, and had merely counseled and aided in its commission, it would constitute a fatal variance between the charge and the evidence, and would violate the constitutional right of the accused to be informed with reasonable certainty of the charge against him.

Here, appellant was present at the time and place of the commission of the offense. If guilty at all, he was guilty as a principal in either the first or second degree, as to which, under Rem. Comp. Stat., § 2007 [P. C. §9132] there is no difference. But, if he were there present and aiding, abetting or counseling in the commission of the offense of transporting intoxicating liquor with intent to sell, he would be guilty under the

statute prohibiting the same, and an instruction under section 2007, *supra,* so stating, was proper. *State v. Vane,* 105 Wash. 170, 177 Pac. 728; *State v. Brummett,* 116 Wash. 407, 199 Pac. 726; *State v. Curtis,* 127 Wash. 273, 220 Pac. 769; *State v. Ikeda,* 130 Wash. 325, 227 Pac. 14; *State v. Anderson,* 132 Wash. 551, 232 Pac. 275.

We can find no error justifying a reversal. Judgment affirmed.

TOLMAN, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.