[No. 21578. Department Two. November 27, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. ALBERT
BEAUPRE, *Appellant*.[1]

*Elledge R. Penland,* for appellant.

*Ewing D. Colvin* and *R. M. Burgunder,* for respondent.

ASKREN, J.—An information was filed against the defendant, charging him in two separate counts with the crime of robbery. The first count charged the robbing of one Victor Nix, the second of Dominick Yellam. Upon the trial, and after defendant's counsel had closed his argument to the jury, counsel for the state admitted a failure to offer sufficient evidence to justify

[1] Reported in 271 Pac. 26.

a conviction on the second charge, and accordingly the jury were instructed to find the defendant not guilty on that count. The jury convicted on the first count and sentence was pronounced. This appeal followed.

The first error pointed out on appeal is that the trial court erred in permitting the state to offer in evidence an overcoat and cap worn by the appellant, when he was taken from his apartment at the time of his arrest. It appears that the arresting officers, having knowledge of the robbery, arrested appellant just outside his apartment. He requested that he be permitted to go to his apartment for the purpose of explaining his absence to a lady who was there waiting for him. He was wearing the overcoat at the time of his arrest, and while at his apartment was requested by the officers to wear a cap, which was there, to the station. After taking him to the police station, the officers returned to his apartment and found therein a large amount of incriminating evidence, including stolen jewelry, mask, pliers, etc.

The appellant presented a motion to suppress the things taken from his room after his arrest. The motion was heard before Judge Moriarty, but the record does not disclose the result thereof. A trial resulted in a disagreement, and appellant was again tried but before a different judge, with the result already indicated. Appellant did not move to suppress the evidence before the last trial, but contented himself with making objections during the trial to the introduction of the disputed articles, and seeking then to suppress them, which attempts were met by adverse rulings.

We have held that a motion to suppress evidence must be timely made, and that where knowledge of the facts is in the possession of the appellant, he cannot wait until the trial to present a motion to suppress evidence, for such action interferes with the orderly pro-

cedure of the case. It is only when the appellant has no knowledge of the facts concerning an illegal search and seizure until the trial, that he can then raise the question for the first time. *State v. Dersiy,* 121 Wash. 455, 209 Pac. 837; *State v. Smathers,* 121 Wash. 472, 209 Pac. 839; *State v. Ennis,* 126 Wash. 116, 217 Pac. 513; *State v. McCormick,* 127 Wash. 288, 220 Pac. 808; *State v. Nilnch,* 131 Wash. 344, 230 Pac. 129.

Of course in this case appellant asserts that Judge Moriarty did suppress the evidence. The difficulty with this contention is that the record does not disclose that fact. True, after the second trial, appellant's counsel obtained from Judge Moriarty an order suppressing the evidence, but at that time the case had been transferred to another judge and trial had thereon. When the state received notice of the order thus obtained, it immediately applied to Judge Moriarty for its vacation upon several grounds, one of which was that "said order contains many incorrect statements and is not warranted by the law or the evidence in the case." This motion was granted, leaving the record, as it comes to us, without any showing of a suppression of the evidence.

But perhaps too much stress is laid upon the proper procedure in the matter of suppression, for we are inclined to the view that the evidence offered as to the count upon which the appellant was found guilty was proper, whether a motion was timely made or not.

Almost a parallel case is *State v. Evans,* 145 Wash. 4, 258 Pac. 845, where a defendant was arrested on the way to his home and taken to the station. The officers then went to the defendant's room and took therefrom certain evidence tending to establish his guilt. We held that this was lawful, and we find no reason to incline to a contrary view here. In addition, there was evidence here that appellant consented to the taking.

of the things used as evidence on the first count, even assuming that the appellant's placing the cap on his head at the suggestion of the officers was a search by them. We find no merit in the contention.

Appellant also asserts that he did not have a fair trial, because it was at the close of argument of appellant's counsel that the state acknowledged its weakness as to the second count, which resulted in the court ordering the jury to bring in a verdict of not guilty. It is said that this was prejudicial to the appellant because it enabled the state to try him on two counts, offer evidence as to both, and then, when it was too late for further argument by counsel for appellant, ask for a conviction on one count with the evidence as to both of them lingering in the minds of the jurors. But the case shows no evidence of any bad faith on the part of the state. It had a right to try the appellant on both counts and attempt legally to convict on both of them. Certainly a defendant can not complain because the state acknowledges its failure to produce sufficient evidence. Its action in that regard should be deemed praiseworthy, for it might well have required the jury to make a finding on both counts, a fact which has often been asserted to be unduly hard upon one charged with crime. To adopt the rule suggested by appellant would force the state to adopt one of two alternatives, viz: never to file more than one count unless positive that it could convict on all, or refuse to dismiss when the weakness of its own case as to any count was apparent. But the state should be hampered by no such requirement and we are unable to see that its action in this case was in any wise prejudicial.

Judgment affirmed.

FULLERTON, C. J., HOLCOMB, MAIN, and PARKER, JJ., concur.