[No. 15451.    Department One.    December 15, 1919.]

# THE STATE OF WASHINGTON, *Respondent,* v. FRANK SOWDERS, *Appellant.*[1]

HOMICIDE (131)—APPEAL—HARMLESS ERROR—INSTRUCTIONS. Upon a conviction of manslaughter, a misdirection in defining murder in the first degree is harmless error.

CRIMINAL LAW (302, 311)—TRIAL—INSTRUCTIONS—REPETITION. It is not error to fail to repeat instructions as to the justification for manslaughter where, in view of the instructions as a whole, the jury could not have been misled.

HOMICIDE (131)—APPEAL—HARMLESS ERROR—INSTRUCTIONS. Failure to mention accident or misfortune in instructions as to justification for murder in the second degree is not fatal to a conviction of manslaughter.

CRIMINAL LAW (311)—TRIAL—INSTRUCTIONS AS A WHOLE. An instruction on the subject of manslaughter using the words "not being excusable or justifiable," held not to mean to the jury that accused acted without justification, in view of all the instructions given.

HOMICIDE (33)—INDICTMENT AND INFORMATION (103)—DEGREES OF HOMICIDE. An information charging murder in the first degree includes and warrants conviction of the lesser degree of manslaughter.

HOMICIDE (114)—INSTRUCTIONS—ACCIDENT OR MISFORTUNE. An instruction that a homicide is excusable when committed by accident or misfortune in doing a lawful act without unlawful intent and that an accident is an event without occurrence of the will or expectation, is clear and sufficient on the subject.

CRIMINAL LAW (451)—APPEAL—HARMLESS ERROR—ARGUMENTS OF COUNSEL. Error cannot be predicated on unduly restricting argument of counsel to which assent was given.

SAME (451). Error cannot be predicated on argument of counsel for the prosecution which was fair and in answer to defendant's counsel.

INFANTS (16)—JUVENILE OFFENDERS—PUNISHMENT—STATUTES. A boy under sixteen years of age may be committed to the state penitentiary, notwithstanding Rem. Code, § 1982-12, providing that such a child shall not be confined in any building with adult convicts.

[1]Reported in 186 Pac. 260.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered March 10, 1919, upon trial and conviction of manslaughter. Affirmed.

*A. O. Burmeister* and *M. J. Gordon,* for appellant.
*Wm. D. Askren* and *J. W. Selden,* for respondent.

MITCHELL, J.—By an information, Frank Sowders was charged with the crime of murder in the first degree, in that he unlawfully and feloniously, purposely, and of his deliberate and premeditated design to effect the death of one Walter Hopkins, killed and murdered said Walter Hopkins by shooting him with a revolver, said killing not being excusable or justifiable. To the information, he entered a plea of not guilty, and upon trial the jury returned a verdict of guilty of manslaughter. Motions in arrest of judgment and for a new trial having been denied, judgment and sentence upon the verdict were entered.

The case is presented here under fifteen assignments of error.

I. It is contended that, in instructing the jury, the court, in defining the crime of murder in the first degree, went beyond the terms of the information. The statute defining the manner in which murder in the first degree is committed has four subdivisions. In this instruction two of those subdivisions were quoted, one of which, it is claimed, goes beyond the charge contained in the information, as to the manner in which it is alleged the crime was committed, and therefore constitutes reversible error. We are satisfied that the controversy is not now properly in the case. The verdict of manslaughter shows that the jury had not been convinced the appellant was guilty of either kind of conduct mentioned by the court in defining the crime of murder in the first degree, so that, even if,

for the sake of argument, it be admitted there was misdirection in the instruction complained of, it must be considered harmless and of no avail to appellant. *State v. Blaine*, 64 Wash. 122, 116 Pac. 660.

II.   Fault is found with a part of the instructions relating to manslaughter. Its vice is said to consist in not advising the jury that manslaughter is excusable and justifiable under certain circumstances. The whole charge to the jury was almost necessarily elaborate, since it referred to the crime primarily charged and the lesser crimes of murder in the second degree and of manslaughter included therein. The court had already clearly and correctly defined manslaughter in the statutory language and declared it to be inconsistent with excusable or justifiable killing; and also instructed as to what constitutes excusable and justifiable homicide, in the language of the statute. Afterwards, the court, somewhat by way of repetition, spoke, among other things, of the elements of premeditation and deliberation as necessary in the crime of murder in the first degree, but not in the crime of murder in the second degree, and then immediately used the language objected to concerning manslaughter, which omits any reference to premeditation and deliberation. As already stated, the criticism of the language is that it is deficient for failure to repeat in this connection the rule with reference to excusable and justifiable homicide. Still later, however, in the instructions, the court again specifically told the jury:

"If you find from the evidence in this case, beyond a reasonable doubt, that the defendant killed the deceased, Walter Hopkins, but that it was without any design to effect the death of the said Walter Hopkins, and not being excusable or justifiable, then the defendant would be guilty of manslaughter, only."

We are satisfied the words complained of, especially considering their setting, did not mislead the jury from the main central idea repeatedly impressed upon them on this subject in the charge as a whole. *State v. Regan,* 8 Wash. 506, 36 Pac. 472; *State v. Cushing,* 17 Wash. 544, 50 Pac. 512; *State v. Riddell,* 33 Wash. 324, 74 Pac. 477; *State v. Clark,* 34 Wash. 485, 76 Pac. 98, 101 Am. St. 1006.

III.    Appellant claims error because of the following instruction:

"In the case on trial, if you are satisfied beyond a reasonable doubt that the defendant shot and killed Walter Hopkins, at the time and place alleged in the information, and is guilty; but you have a reasonable doubt whether the crime is murder in the first degree, but have no reasonable doubt that the defendant is guilty of murder in the second degree, then your verdict should be, guilty of murder in the second degree."

In this respect counsel but refer to their argument in support of assignment number II, and claim that the omission of the court in this particular instruction to mention the subject of accident or misfortune is fatal to the verdict of manslaughter. We need not repeat our reasons for the opinion to the contrary, and, in addition, the appellant was not found guilty of murder in the second degree, but of manslaughter.

IV.    It is contended the words, "and not being excusable and justifiable," contained in that portion of the instruction quoted in the latter portion of subdivision II of this opinion, were unwarranted and that, taken in connection with that part of the instruction which precedes them, might be taken by the jury to mean that, under the evidence in the case, the appellant acted without justification and excuse. On the contrary, if we take only that which precedes—much less the whole of the charge, as the rule requires—we

find nothing in the words complained of to reasonably tempt the jury in the direction suggested by the appellant.

V.  Assignments numbered V, VI and XIII, by the appellant's consent, present the same legal proposition, to the effect that manslaughter is not included in a charge of killing purposely and with design, consequently is not within the information, and hence it was error to permit the jury to consider it; and likewise error to enter judgment and sentence upon such a verdict.  In considering the proposition it will be kept in mind that the statute law of this state defines the crime of manslaughter and provides for its punishment.  There is ample evidence in this case to establish appellant's guilt of that crime.  It is argued, however, that the information upon its face states facts which preclude any theory of manslaughter— states facts which affirmatively show the killing not to have been manslaughter—hence there could legally be no conviction under the information of other than murder in the first or second degree.  For support of this proposition reliance is had by appellant upon *State v. Palmer,* 104 Wash. 396, 176 Pac. 547; and *State v. Hoyer,* 105 Wash. 160, 177 Pac. 683.  In this state, prior to 1909, an indictment or information charging murder in the first degree was uniformly held to include the accusations of the lesser crimes of murder in the second degree and of manslaughter, under which, evidence was admissible of either of the three crimes, entitling the state to a verdict of either as the jury might determine, if supported by satisfactory evidence.  The cases relied on by appellant in no way change the rule, although they declare that the crime of manslaughter as it was known at common law and by our statute was changed by the criminal code of 1909.  The *Palmer* case further holds that an

instruction upon the subject of manslaughter was properly refused in that case, for two reasons: First, because the defendant admitted his purpose and design to kill, but sought to justify under the plea of self-defense; and second, because there was no evidence in the case tending to show manslaughter as defined in the present statute.

VII. The court refused to give an instruction as prepared and requested by appellant on his theory that the shooting was accidental. The record shows, however, that the court, in language of its own choosing, said to the jury:

"I instruct you that homicide is excusable when committed by accident or misfortune in doing any lawful act by lawful means with ordinary caution and without any unlawful intent. An accident is an event happening without the occurrence of the will of the person by whose agency it was caused. It is an event that takes place without one's foresight or expectation."

The instruction given was clear and sufficient on the subject.

VIII. It is claimed appellant's counsel was unduly restricted in argument to the jury with regard to an instruction requested by appellant and given by the court concerning appellant's character. In the course of the argument to the jury, his attorney, referring to the matter, said:

"The instruction which the court gave you stands as evidence in defendant's favor. No man has come forward to assail his character."

At this juncture, the prosecuting attorney, addressing the court, objected with the statement:

"There is no evidence in this case with reference to character one way or the other and I think he has no right to discuss it."

Thereupon, appellant's attorney said:

"That satisfies me; that sends me to the instruction. There is no evidence on the question of character."

Just then the jury was ordered withdrawn and there was some discussion between the court and the attorneys as to the wording of the particular instruction in question. The court announced it would not be changed, and appellant's counsel then stated: "Then I wish to read the instruction and not comment on it." The court assented, ordered the jury in, and counsel read the instruction to the jury.

IX. Assignments numbered IX, X, XI and XII are grouped by appellant as of the same sort. They refer to arguments by the prosecuting attorney to the jury and are characterized as indicative of mistaken zeal on the part of the speaker. Without giving the details, we are satisfied there is no just complaint. The statements complained of were fair and in answer to arguments made by appellant's counsel and rested in part upon appellant's testimony.

XIV. This assignment calls attention to the denial of the motion for a new trial and raises no distinctive question.

XV. Lastly, it is insisted the judgment and its form are erroneous because appellant, a boy of sixteen years of age, has been sentenced to the penitentiary. This assignment is answered in the negative by the case of *State ex rel. Sowders v. Superior Court,* 105 Wash. 684, 179 Pac. 79.

Judgment affirmed.

HOLCOMB, C. J., MACKINTOSH, MAIN, and PARKER, JJ., concur.