[No. 20036. Department One. January 6, 1927.]

.THE STATE OF WASHINGTON, *Respondent*, v.
J. O. SANDVIG, *Appellant*.[1]

[1] INDICTMENT AND INFORMATION (29) — REQUISITES — MATTERS JUDICIALLY NOTICED—ORDINANCES. Under our statute requiring municipal ordinances to be pleaded and proved in courts other than the municipal court, it is error, in a manslaughter case based upon negligent violation of a city ordinance, to receive the ordinance in evidence, where it was not pleaded.

[2] HOMICIDE (100)—ELEMENTS OF OFFENSE—INSTRUCTIONS. In a prosecution for manslaughter based upon reckless driving, error in receiving in evidence a city ordinance not pleaded is prejudicial where an instruction authorized the jury to find the defendant guilty of negligence in violating the ordinance, al-though not otherwise negligent.

[3] SAME (85)—MANSLAUGHTER—EVIDENCE—SUFFICIENCY. A conviction of manslaughter through reckless driving of an automobile is amply sustained by evidence that accused violated the statute by driving while intoxicated and at an unlawful speed and passed a street car without stopping.

[4] SAME (6)—MANSLAUGHTER—ELEMENTS. Under the statute abolishing voluntary manslaughter, criminal intent is not essential to constitute manslaughter.

[5] CRIMINAL LAW (440)—REVIEW—SENTENCE. A sentence of from five to twenty years for manslaughter through reckless driving, being within the limits prescribed by law, will not be interfered with as excessive.

Appeal from a judgment of the superior court for Grays Harbor county, Campbell, J., entered December 30, 1925, upon a trial and conviction of manslaughter. Reversed.

*W. H. Abel* and *A. M. Abel*, for appellant.

*The Attorney General* and *E. W. Anderson, Assistant*, for respondent.

[1] Reported in 251 Pac. 887.

HOLCOMB, J.—Appellant was tried, convicted and sentenced in the lower court upon an information charging him with manslaughter as follows:

"That he, the said defendant, J. O. Sandvig, in the county of Grays Harbor, state of Washington, then and there being, on the 25th day of August, 1925, while in a state of voluntary intoxication, did then and there operate and drive a certain motor vehicle along West Curtis street in the city of Aberdeen, Grays Harbor county, Washington, said West Curtis street being then and there an improved street and public highway in said city; That said West Curtis street was then and there occupied in part by tracks and franchise of the Grays Harbor Railway & Light Company, a public service corporation then and there operating cars upon said streets under and by virtue of said franchise; that the said defendant was then and there operating his vehicle behind and following the street car operated by the said Grays Harbor Railway & Light Company between the cities of Aberdeen and Cosmopolis, which said street car was proceeding towards Cosmopolis with passengers; that said street car stopped at the intersection of West Curtis street and Custer street in said city to discharge passengers, and one August Bohm alighted from said street car at a time between nine and 9:30 o'clock P. M., of said day; that it was the duty, under the ordinance of the city of Aberdeen, for the said defendant to drive his car at a reasonable and prudent rate of speed and to stop when said street car was discharging passengers and to avoid the passengers alighting therefrom; that said defendant at said time and place wilfully and unlawfully drove and operated said motor vehicle at a grossly excessive rate of speed and in a wanton and negligent and reckless manner, without stopping timely and without any proper regard for the safety of persons upon said highway; and passengers alighting from said street car; that the intoxication of defendant was such that he was incapable of exercising sound judgment and of taking the usual precautionary measures of safety; that the defendant then and there wilfully, unlawfully

and feloniously ran his automobile into and against the said August Bohm inflicting injuries upon him, the said August Bohm, from which he then and there died; that the intoxication of the defendant and the excessive rate of speed at which the said motor vehicle was driven and the careless, reckless, unlawful and imprudent manner of the driving thereof were the proximate causes of the death of the said August Bohm; . . ."

Upon conviction, and denial of a motion for a new trial, the trial court sentenced appellant to an indeterminate period of from five to twenty years in the state penitentiary.

On appeal appellant relies for reversal upon three propositions:

(1.) That it was error to admit in evidence the ordinance of the city of Aberdeen regulating traffic upon the public highways, and rely on the violation thereof for conviction, because the ordinance was void and not pleaded in the information.

(2.) That the evidence is insufficient to support the verdict and judgment, and shows only an unavoidable accident destitute of criminal intent.

(3.) That the sentence was very excessive.

No appearance was made in this court by respondent, and we requested the office of the *Attorney General* to file a brief upon the questions raised by appellant, which was done.

Rem. Comp. Stat., § 6343 [P. C. § 222-3] provides:

"It shall be the duty of every person operating or driving any vehicle, when overtaking or passing any street-car or interurban car that has stopped at a street intersection, to bring such vehicle to a full stop before passing such street car or interurban car, and not to proceed while any person or persons are getting on or off, or are about to get on or off said car, unless the driver of such vehicle can maintain a distance of at least six feet between said vehicle and the running board or lower step of such street car."

Section 6353 [P. C. § 230] provides:

"No city council or other governing authorities shall have the power to pass or enforce any ordinance, rule or regulation requiring a slower rate of speed than that specified in this act, . . . and all such ordinances, rules and regulations now in force are hereby declared to be void and of no effect." Laws of 1921, ch. 96, § 41, p. 278.

Ordinance No. 1857 of Aberdeen was introduced over the objection of appellant, section 3 of which is as follows:

"Sec. 3.   That it shall be unlawful for the driver of any automobile to pass any street car while passengers are being loaded or unloaded along any public street in the city of Aberdeen, but the driver of such automobile shall cause such automobile to come to a full stop and shall not resume motion until the street car has started."

It must be noted that § 6343 contains a permission that the ordinance does not.   But that is immaterial, for both the statute and ordinance require a full stop, although the ordinance gives no permission to proceed before the street or interurban car has started if there is a clearance of six feet.   The statute in question was doubtless enacted to establish uniformity in the rules of the road in all municipalities of the state, and the ordinance perhaps must yield to the superior state statute, where the provisions are in conflict.   But there is no part of § 3 of the ordinance that conflicts with the provisions of the statute, except that it does not contain the six-foot clearance permission.

The information seems to be based upon the violation of the ordinance as a violation of positive law, which constituted unjustifiable negligence on the part of appellant.

The *Attorney General* concedes that the general rule requires the pleading of ordinances only when the cause of action is predicated upon the ordinance, and not when the ordinance is merely a matter of evidence.

Here, the information was evidently predicated upon the violation of the ordinance which rendered appellant guilty of the negligence which resulted in the offense charged. The *Attorney General* even cites our cases to the effect that the violation of a municipal ordinance regulating speed of vehicles is negligence *per se.* *Hillebrant v. Manz,* 71 Wash. 250, 128 Pac. 892; *Ludwigs v. Dumas,* 72 Wash. 68, 129 Pac. 903; *Anderson v. Kinnear,* 80 Wash. 638, 141 Pac. 1151; *Mickelson v. Fischer,* 81 Wash. 423, 142 Pac. 1160.

[1] Under our statute as to the pleading and proof of municipal ordinances, unless pleaded at least by number and title, a court, other than a municipal court, cannot take judicial notice of such ordinances. *Spokane v. Knight,* 96 Wash. 403, 165 Pac. 105; *State v. Schmidt,* 128 Wash. 661, 223 Pac. 1057; 1 Dillon, Municipal Corporations (4th ed.), § 413.

It was therefore error to receive the ordinance in evidence, because it was not properly pleaded in the information.

[2] The *Assistant Attorney General* also contends that, even though the ordinance was improperly received in evidence, appellant was nevertheless guilty, and the conviction should stand, because he violated Rem. Comp. Stat., § 6339, as amended by § 6, ch. 181, Laws of 1923, p. 601, by operating his car " . . . in any case at a rate of speed that will injure . . . the life or limb of any person."

The difficulty is that the cause was not submitted to the jury on that theory.

The trial court instructed the jury as to its

being necessary for them to find beyond a reasonable doubt that appellant was driving with a degree of carelessness, recklessness and willfulness, such as to show that he was indifferent to the safety of human life, and that his conduct was willful to such an extent that the jury could safely say he had a reckless disregard of the consequences to human life.

That may have been a proper instruction under the facts in this case, but was not based upon the violation of the statute last cited. The jury were at liberty, under the facts in this case, to find that there was no proof beyond a reasonable doubt, of such reckless or wilful disregard of the safety of human life as covered in the instruction, but that there was, beyond a reasonable doubt, a violation of the ordinance introduced and before them, and upon that find appellant "guilty as charged."

There was ample evidence of negligence, regardless of whether appellant at the time was violating the ordinance in question, to take the case to the jury.

[3] Even though the provisions of § 3 of the ordinance were not properly admissible in evidence, appellant violated a statute of the state in not bringing his automobile to a full stop before attempting to pass the street car. The evidence shows that appellant did not come to a stop at all until after he had struck the deceased. The evident purpose of § 6343, *supra,* is to require all automobilists, when about to pass a street or interurban car which has stopped for the purpose of loading or unloading passengers, to come to a full stop so that they may observe the positions of loading and unloading passengers and cross-street traffic before attempting to proceed. The statute does not imply permission to pass by giving the six-foot clearance regardless of consequences. In other words, if there are

passengers alighting from the street or interurban car, and others about to board it who are without the six-foot clearance strip, the motorist may not proceed by merely giving the six-foot clearance between himself and the street or interurban car without any regard for the safety of loading or unloading passengers.

While the evidence of appellant would tend to show that the accident was unavoidable, there is ample and substantial evidence to the effect that he was intoxicated at the time of the accident; that he was driving at a rate of speed greater, under the circumstances, in passing the street car than was consistent with safety to the life and limb of passengers alighting therefrom, and that he did not bring his car to a stop as required by the statute.

[4] It is not necessary that there should be any criminal intent to constitute manslaughter, since our criminal code has abolished voluntary manslaughter. *State v. Palmer,* 104 Wash. 396, 176 Pac. 547; *State v. Hoyer,* 105 Wash. 160, 177 Pac. 683.

[5] The sentence imposed by the trial court was within the limits prescribed by statute in such cases, in which case we must presume that it exercised its discretion properly, and under ordinary circumstances we cannot interfere therewith. *State v. Bliss,* 27 Wash. 463, 68 Pac. 87; *State v. Patchen,* 37 Wash. 24, 79 Pac. 479; *State v. Lindberg,* 125 Wash. 51, 215 Pac. 41.

For the errors found, the judgment is reversed, and the cause remanded for a new trial.

TOLMAN, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.