[No. 23263. Department Two. December 17, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. LESTER COOLEY, *Appellant*.[1]

*John F. Dore* and *O. T. Webb,* for appellant.

*Charles R. Denney, Francis W. Mansfield,* and *C. W. Jordan,* for respondent.

BEALS, J.—Defendant was by information charged with the crime of murder in the first degree, the charging portion of the information reading as follows:

"He, the said Lester Cooley, in the county of Snohomish, state of Washington, on or about the 12th day of December, 1930, did then and there wilfully, unlawfully, and feloniously and by means of force and violence, and fear of injury, immediate and future, to the person and property of Goddard E. Gunderson, a human being, take certain personal property of said Goddard E. Gunderson, to-wit: papers and money, from the person of said Goddard E. Gunderson, and then and there, while engaged in the commission of said robbery, heretofore alleged, said Lester Cooley did wilfully, unlawfully and feloniously beat, strike and wound said Goddard E. Gunderson with his fists, a rock and other means, the exact nature of which is to

[1]Reported in 5 P. (2d) 1005.

the Prosecuting Attorney unknown, and said Lester Cooley did thereby mortally wound the said Goddard E. Gunderson, of which said mortal wounds the said Goddard E. Gunderson then and there died on or about the 12th day of December, 1930, and the killing of said Goddard E. Gunderson was not excusable or justifiable, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington.''

The trial court, in addition to submitting to the jury the question of defendant's guilt or innocence of the crime with which he stood charged, over the objection of defendant, instructed the jury that they might find defendant guilty of the crime of manslaughter, as a lesser included offense. Under these instructions, the jury returned a verdict finding the defendant guilty of the crime of manslaughter, and from a judgment entered pursuant to this verdict and sentence thereon, defendant appeals.

Appellant contends that the record contains no evidence sufficient to sustain a verdict of guilty of manslaughter, and that the court erred in submitting to the jury, over appellant's objection, the question of whether or not appellant was guilty of that crime.

By the verdict of the jury, all questions as to any robbery or attempted robbery of the deceased by appellant have been eliminated, and the question of whether or not a defendant, being accused of murder in the first degree, the charge as laid being based upon a killing alleged to have been committed in the course of the perpetration of a robbery, can, under any evidence, be found guilty of manslaughter, is squarely presented.

Appellant at all times contended that the only verdicts which could be returned were a verdict of guilty as charged or a verdict of not guilty, and preserved

his rights by appropriate motions, exceptions to the instructions given, and exceptions to the refusal of the trial court to give requested instructions in accord with this theory of the case.

From the testimony, it appears that appellant and several other men, including the deceased, one Gunderson, on the evening Gunderson met his death, consumed considerable intoxicating liquor. Appellant admitted that, during the course of the evening, he and Gunderson engaged in an altercation concerning the matter of payment for some of the liquor which had been consumed by the party. Appellant testified that Gunderson struck at him, and that he, appellant, then struck Gunderson "not over twice." From the evidence, however, the jury may well have found that the deceased had been struck several times. It appears from the testimony that Mr. Gunderson was a strong, powerful man, and that the blows which resulted in his death from cerebral hemorrhages may not have been of extreme severity, or of such a nature as to be characterized as "deadly." Appellant testified that the members of the party were intoxicated, and that, in the fight between him and Gunderson, the blows struck were with the fists only.

We may say in passing that the evidence introduced by the state as to the alleged robbery of Gunderson by appellant was not entirely satisfactory, and that the jury was justified in failing to find that the evidence proved beyond a reasonable doubt that appellant was guilty as charged.

Appellant argues that it has never been held that, under an indictment or information charging murder in the first degree, based upon an alleged homicide committed in the course of the perpetration of a felony, the accused can be convicted of any crime

other than that charged. It is, of course, true that the submission to the jury of the question of whether or not the accused may be convicted of a lesser crime than that with which he stands charged, where there is no evidence to support conviction of such lesser crime, and where the accused is convicted of the lesser offense, constitutes reversible error, and that such a verdict will be set aside.

Appellant was charged under paragraph 3 of Rem. Comp. Stat., § 2392, which reads as follows:

"The killing of a human being, unless it is excusable or justifiable, is murder in the first degree when committed either . . .

"(3) Without design to effect death, by a person engaged in the commission of, or in an attempt to commit, or in withdrawing from the scene of, a robbery, rape, burglary, larceny or arson in the first degree. . . ."

By § 2393, murder in the second degree is defined as follows:

"The killing of a human being, unless it is excusable or justifiable, is murder in the second degree when—

"(1) Committed with a design to effect the death of the person killed or of another, but without premeditation; or

"(2) When perpetrated by a person engaged in the commission of, or in an attempt to commit, or in withdrawing from the scene of, a felony other than those enumerated in section 2392."

While manslaughter is denounced by § 2395 in the following language:

"In any case other than those specified in sections 2392, 2393 and 2394, homicide, not being excusable or justifiable, is manslaughter."

It is evident that a homicide committed with intent to kill is, if an offense at all, murder in either the first

or second degree, and that the voluntary killing "upon sudden heat," which was formerly included in the crime of manslaughter, no longer falls within that classification. *State v. Palmer,* 104 Wash. 396, 176 Pac. 547. As was said in that case:

"It would seem from this that the voluntary killing upon sudden heat, which was formerly included in the crime of manslaughter, has been taken out .of that classification by the act, and, as the law now stands, every killing which is accompanied by a design to kill is either murder in the first degree or murder in the second degree, depending upon whether that design was or was not accompanied by premeditation. No longer is the intentional killing upon sudden heat, or the intentional killing, no matter how provoked, classified as manslaughter. And as soon as it appears that the killing was with a design to effect death, the element of manslaughter disappears from the case. That grade of homicide is characterized by the fact that the one guilty of it possessed no design to kill. If the purpose to kill is present, the offense must be murder in one of its degrees."

This doctrine has been reaffirmed by this court in the cases of *State v. Hoyer,* 105 Wash. 160, 177 Pac. 683, and *State v. Sandvig,* 141 Wash. 542, 251 Pac. 887.

Manifestly, in a case in which the accused stands charged, as here, with murder in the first degree, based upon a killing alleged to have been committed in the course of the commission of one of the offenses mentioned in § 2392, par. 3, *supra,* and the evidence clearly shows the commission or attempted commission of the robbery, burglary, etc., there would be no occasion for the submission to the jury of the question of whether or not the accused was guilty of the crime of manslaughter. It is not the intent of the law that a jury may be permitted to find a defendant guilty of this crime by way of a compromise, and such a verdict

should be permitted only in cases where the evidence affords a basis therefor.

Appellant cites the cases of *State v. Kruger,* 60 Wash. 542, 111 Pac. 769; *State v. Palmer, supra; State v. Daniels,* 119 Wash. 557, 205 Pac. 1054; *State v. Whitfield,* 129 Wash. 134, 224 Pac. 559; *State v. Landaker,* 138 Wash. 267, 244 Pac. 555; *State v. Sandvig, supra;* as well as cases from other jurisdictions. In the cases relied upon by appellant, it is clear that there was no support in the evidence for a verdict of guilty of any lesser crime than that set forth in the information. The respective defendants were either guilty as charged or of no offense at all.

In the case of *State v. Kruger, supra,* the accused was charged with the crime of assault with intent to commit rape. The testimony of the prosecuting witness tended to prove that the defendant was guilty of the consummated act, while his evidence was in the form of an alibi. The verdict was guilty of assault in the third degree, and it was properly held that there was no testimony in the record upon which such a verdict could rest.

In the case of *State v. Daniels, supra,* the defendants were found guilty of murder in the first degree, they having shot and killed a policeman in the course of the larceny of an automobile. Under the evidence, it is manifest that there was no ground for any contention that the defendants were guilty of the crime of manslaughter.

The defendant in the case of *State v. Whitfield, supra,* was found guilty of murder in the first degree, the information having alleged a killing by him in the course of the commission of the crime of rape. On appeal, the defendant contended that the trial court had erred in not submitting to the jury the question of his

guilt or innocence of the crimes of murder in the second degree and manslaughter. On this question, the court said:

"Objection is made that the court did not submit to the jury instructions covering the crimes of murder in the second degree and manslaughter, and did not permit the jury to return a verdict other than first degree murder or not guilty. There is no evidence in the case upon which the court would have been justified in submitting the lesser crimes of murder in the second degree and manslaughter to the jury. The killing took place in connection with a rape, and it was therefore murder in the first degree or nothing, and there is no evidence introduced by the appellant to show that there were any elements of murder in the first degree lacking, or that there were elements necessary to constitute murder in the second degree or manslaughter."

It is, of course, true, as stated by the court in the course of the opinion:

"It is unnecessary to prove that the person who kills another in the commission of rape, or the attempt to commit it, or in withdrawing from the scene of its commission, had any malice, design or premeditation. The proof of the killing, together with the fact that it was committed in connection with a rape, is sufficient to constitute murder in the first degree."

In the case cited, there could be no question but what under the evidence the accused was either guilty as charged or not guilty, there being no testimony upon which could be based a verdict of guilty of any lesser offense.

In the case of *State v. Landaker, supra,* the defendant, with others, was charged with murder in the first degree on account of a homicide alleged to have been committed in the course of a robbery. The killing was effected by shooting, and reference to the opinion clearly indicates that there was no possible ground for

submitting to the jury the question of the guilt or innocence of the accused of any lesser offense.

The cases from other jurisdictions cited by appellant are, generally speaking, to the same effect, and clearly support the rule that, upon such a charge as this, if the evidence furnishes no support for a verdict of guilty of any lesser offense, the jury should be instructed on the theory that their verdict must be guilty as charged or not guilty.

In the case at bar, the appellant testified that the deceased struck at him, and that he struck Gunderson only in self-defense. The appellant admitted that he and Gunderson exchanged blows. It does not appear from the evidence that appellant intended to kill Gunderson, but the jury were not compelled to accept his story to the effect that he struck only in self-defense. There is evidence in the record which supports a finding that appellant committed an assault upon Gunderson without intent to kill or rob him. A killing in the course of such an assault, or even in repelling an assault, if greater force was used than was necessary, would, under the law, constitute manslaughter.

Sections 2116, 2167, 2168 and 2263, Rem. Comp. Stat., refer to the matter of the finding of an accused guilty of some lesser crime than that charged. These sections have been considered by this court in the cases of *State v. Greer,* 11 Wash. 244, 39 Pac. 874; *State v. Howard,* 33 Wash. 250, 74 Pac. 382; *State v. Underwood,* 35 Wash. 558, 77 Pac. 863; *State v. Rader,* 118 Wash. 198, 203 Pac. 68; *State v. Bolen,* 142 Wash. 653, 254 Pac. 445; and *State v. Bidwell,* 150 Wash. 656, 274 Pac. 716.

The court of appeals of New York, in the case of *People v. Van Norman,* 231 N. Y. 454, 132 N. E. 147, held that, in a prosecution for murder in the first de-

gree committed while in the course of the commission of a felony (assault in the first degree) upon the person of another than the man killed, the trial court had erred in refusing to instruct the jury that they might return a verdict of guilty of murder in the second degree. In the course of its opinion, the court discussed the case of *People v. Schleiman,* 197 N. Y. 383, 90 N. E. 950, 27 L. R. A. (N. S.) 1075 (which case is strongly relied upon by appellant here), and held that, if there is evidence which supports a finding of guilty of a lesser offense, that question should be submitted to the jury.

In the case of *People v. Schleiman, supra,* the court of appeals of New York, in holding that the trial court had not erred in instructing the jury that ''the jury must either find the defendant guilty of murder in the first degree or not guilty,'' said:

''The refusal of the learned trial judge so to instruct the jury in the present case was obviously based upon the idea that under the undisputed evidence there were no facts proved or suggested which would warrant the jury in finding that the defendant was guilty of any other degree of homicide, unless he was guilty of murder in the first degree.''

It clearly appears that the decision of the court was based upon the fact that the evidence afforded no ground upon which the jury could have reached a conclusion that the defendant was guilty of a lower offense than murder. The cases cited clearly support the doctrine that the question depends upon, first, the charge, and second, the evidence, and that, unless the evidence supports a finding of guilty of the lesser crime, the question of the accused's guilt or innocence of such an offense should not be submitted to the jury.

Appellant argues that, if the element of self-defense appears in a prosecution based upon a homicide, the

crime of manslaughter is eliminated. This question was discussed in the case of *State v. Turpin,* 158 Wash. 103, 290 Pac. 824, and a judgment entered on a verdict of guilty of the crime of manslaughter was affirmed. In that case, the accused contended that he struck the deceased in self-defense, and appellant's argument based upon that phase of the testimony in the case at bar has been determined against his contention by the opinion in the case cited.

If the allegations concerning robbery be eliminated from the information upon which appellant was tried, the charge of manslaughter remains. Neither the charge nor the evidence furnish support for a verdict of guilty of murder in the second degree, but the information does contain a charge of manslaughter, and from the evidence the jury were warranted in determining that, as matter of fact, appellant was guilty of that crime. Appellant admitted that he struck Gunderson. It is not denied that Gunderson's body was found at the place where appellant testified that the fight occurred. The evidence supports a finding that appellant made an unjustifiable assault upon Gunderson without intent either to rob or kill him, but from the effects of which Gunderson died.

The offense of which appellant was found guilty is included in the charge upon which he was tried, and the verdict is supported by the evidence. Under the authorities, we conclude that the trial court did not err in submitting to the jury the question of appellant's guilt or innocence of the crime of manslaughter, and the judgment appealed from is affirmed.

Tolman, C. J., Main, Holcomb, and Millard, JJ., concur.