## THE TERRITORY OF HAWAII *v.* EDWIN KAUPU.

### No. 2431.

SUBMITTED FEBRUARY 20, 1940.                    DECIDED APRIL 26, 1940.

COKE, C. J., PETERS AND KEMP, JJ.

The appellant, Edwin Kaupu, was tried and convicted by a jury in the circuit court of the second judicial circuit upon indictment charging him with involuntary manslaughter as follows: "The Grand Jury of the Second Circuit of the Territory of Hawaii do present that EDWIN KAUPU at Kaluaaha, Molokai, in the County of Maui, Territory of Hawaii, on to-wit the 14th day of May 1938 without malice aforethought and without authority, justification or extenuation by law, did unlawfully and feloniously kill and slay a human being, to-wit, one Laurentina Brito, by unlawfully, to-wit, furiously and heedless of the safety of other driving and operating an automobile on a public highway at said Kaluaaha, thereby imminently endangering the personal safety of the said Laurentina Brito, and causing said automobile to collide with, strike, knock down and inflict injuries to and upon the said Laurentina Brito, from which injuries the said Laurentina Brito, on to-wit, the 14th day of May 1938, did die, and the said Edwin Kaupu did then, there and thereby commit manslaughter. Contrary to the form of the statute in such cases made and provided."

The bill of exceptions by which the appellant comes to this court contains eighteen separate exceptions taken to the rulings of the trial court. Appellant has abandoned his exception number 16.

Section 5996, R. L. H. 1935, defines manslaughter as the killing of "a human being without malice aforethought, and without authority, justification or extenuation by law."

Similar to the case of *Ter.* v. *Yoshimura, ante,* p. 324, the appellant is charged with the killing of the deceased while in the act of committing a violation of section 6280, R. L. H. 1935, which reads: "Whoever furiously or heedlessly of the safety of others, rides any horse or other animal, or drives or conducts any carriage, wagon, buggy,

omnibus, cart, bicycle, automobile, motorcycle, locomobile, or other vehicle, and thereby imminently endangers the personal safety of any person, shall be punished by a fine," etc.

During the trial the court, over the·objection of defendant, permitted the government to introduce in evidence a certified copy of section 23 of the 1932 Revised Traffic Code of the County of Maui. This ordinance reads: "Any person operating a vehicle on the public highways of the County of Maui shall operate the same in a careful and prudent manner and at a rate of speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway; no person shall operate a vehicle upon a public highway at such a rate of speed as to endanger the life, limb or property of any person."

It will be observed that there is a material distinction between the provisions of the territorial statute and the county ordinance. In some respects at least the latter is more comprehensive than the former. The statute makes it a crime to drive an automobile furiously or heedless of the safety of others, thereby imminently endangering the personal safety of any person. The ordinance requires that a person driving a vehicle on any public highway of the County of Maui shall operate the same in a careful and prudent manner, at a rate of speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and prohibits the operation of a vehicle upon a public highway at such a rate of speed as to endanger the life, limb or *property* of any person. The operating of a vehicle in such a manner as to endanger property is an element entirely foreign to the territorial statute. The county ordinance was neither pleaded nor otherwise referred to in the indictment. If it be held that the ordi-

nance was properly admitted in evidence, it was material only as proof of the general and usual rules of the road and as bearing upon the issue, namely, whether or not the appellant was operating his automobile furiously or heedless of the safety of another at the time the accident occurred, and the failure of the court to limit the purpose of the ordinance and its reception for all purposes was error. (See *State* v. *O'Mara,* 105 Ohio 94, 136 N. E. 885; *State* v. *Sandvig,* 141 Wash. 542, 251 Pac. 887; *State* v. *Lingman,* 97 Utah 180, 91 Pac. [2d] 457; 42 C. J. 1344, 1345.)

The court, in its instructions to the jury, defined criminal negligence as "recklessness of conduct, gross or wanton carelessness or negligence." The court then further instructed the jury that "gross negligence imports a thoughtless disregard of consequences; wantoness in respect to human conduct is doing a thing recklessly without regard to property or the rights of others." (See prosecution's instruction number 3.)

In giving to the jury prosecution's instruction number 5, the court read the county ordinance above quoted. In both instances the endangering of property was impressed upon the jury.

The introduction of the ordinance under the circumstances, as well as the giving of instructions numbers 3 and 5, was bound to cause the jury to believe that if appellant was operating his car recklessly and without regard to *property* or in a manner dangerous to *property* at the time of the accident it would be their duty to find him guilty under the indictment.

Appellant's exception number 13 complains of the action of the court in giving to the jury the prosecution's instruction number 9. This instruction reads: "I instruct you that contributory negligence is not available as a defense in a criminal prosecution for homicide caused

by gross and reckless misconduct or culpable negligence of the accused. Although evidence concerning the decedent's behavior, movements, position, and circumstances surrounding her has been received in evidence, it is received for one purpose only, and that is for whatever it may be worth to you as bearing upon the question of the defendant's guilt. Notwithstanding the contributory negligence imputed to the decedent, if you find and believe beyond a reasonable doubt, that she came to her death by reason of the culpable negligence of the defendant, or by lawful acts of the defendant unlawfully done, and further find that such negligence or acts upon the part of the defendant was the cause of the decedent's death, then and in that event the defendant is responsible under the criminal law, whether the decedent's failure to use due care contributed to her injury or not. In other words, the Court instructs you that the killing of Laurentino Brito by the defendant is not excusable simply by the fact, if you find it to be a fact that she ran suddenly in front of the vehicle which the defendant was operating. One who is engaged in the performance of an unlawful act must take the criminal consequences of whatever happens to third persons as a result of that act. It was his duty to anticipate that he might encounter, not only grown persons, but even little children."

In the first sentence of the above instruction the jurors are told that the contributing negligence of the deceased is no defense. In the second sentence they are instructed, in effect, that the negligence of the deceased could be received "for whatever it may be worth * * * as bearing upon the question of the defendant's guilt." These expressions cannot be harmonized and, taken together, they are an incorrect statement of the law of homicide. The court might properly have instructed the jury that the general rule is that the contributing negligence of

one killed by the reckless and negligent driving of an automobile will not of itself constitute a defense to a prosecution for such killing. (See *Bowen* v. *State,* 140 S. W. [Ark.] 28; *Commonwealth* v. *Guillemette,* 243 Mass. 346, 137 N. E. 700; *State* v. *Gray,* 180 N. C. 697, 104 S. E. 647.) Yet contributing negligence of the deceased may be considered by the jury as bearing upon the question of the proximate cause of death. (*State* v. *Sisneros,* 42 N. M. 500, 82 Pac. [2d] 274; *Copeland* v. *State,* 154 Tenn. 7, 285 S. W. 565; *State* v. *Disalvo,* 32 Del. 232, 121 Atl. 661. See also 3 Cyc. Automobile Law [Blashfield] § 51.)

After a careful examination and consideration of the record we are convinced that for the errors above indicated the defendant did not receive a fair legal trial, hence the verdict of conviction is set aside and the cause remanded to the circuit court for a new trial.

*E. Vincent* for appellant.

*E. R. Bevins,* County Attorney of Maui, and *Wendell F. Crockett,* Deputy County Attorney of Maui, for the Territory.