[No. 31243.   Department One.   April 20, 1950.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANCIS E. LANE, *Appellant*.[1]

*Deane W. Parker* and *William S. Lewis*, for appellant.

*Charles O. Carroll* and *John C. Vertrees*, for respondent.

BEALS, J.—The prosecuting attorney for King county, by count I of an information filed July 7, 1949, charged the defendant, Francis E. Lane, with the crime of forcible rape, committed on or about June 4, 1949, upon Mrs. ............................. By count II of the information, the defendant was charged with the crime of burglary in the second degree, committed at the same time and place referred to in count I of the information, by unlawfully and feloniously breaking and entering the dwelling of Mrs. ............................. in Seattle, King county, Washington.

July 12, 1949, the defendant was arraigned, and, having no counsel, the court appointed an attorney to represent him and allowed the defendant seven days to enter his plea. July 19th following, the defendant, being represented by counsel, was brought before the court and entered his plea of not guilty as to both counts of the information.   In addi-

[1]Reported in 217 P. (2d) 322.

tion to the plea of not guilty, the defendant, by his counsel, filed a written plea of not guilty because of mental irresponsibility, stating that "such mental irresponsibility still exists."

July 23rd following, the cause was assigned for trial for September 12, 1949, and, on that day, the case was called before a department of the superior court, the defendant being represented by the counsel appointed by the court and by associate counsel.

Both the state and the defendant having announced that they were ready for trial, a jury was impaneled and sworn, and, after a statement by the court to the jury and the opening statement of the prosecution, the jury withdrew. Defendant's counsel then advised the court that the information which had been served upon the defendant alleged that the offenses therein referred to had been committed June 4, 1949 (evidently an error, as the offenses were committed July 4, 1949), and that count II of the information, charging burglary, was defective in that the information did not allege that the breaking and entering was with felonious intent.

Counsel for the prosecution then stated that, by leave of court, an amended information had been filed July 8, 1949, the leave to file having been granted in the absence of the defendant, further stating that a motion by the defendant for a continuance would not be opposed. The court remarked: "The defendant is entitled to a continuance if he is surprised."

Defendant's counsel stated that the defendant was ready to go to trial upon the information which had been served upon him, and that, although the amended information had been filed prior to his arraignment, the only service upon the defendant had been made by delivering to him a copy of the original information. This statement was not disputed by the prosecuting attorney.

After considerable discussion between counsel for the respective parties and the court, the defendant, on motion of the prosecution and in the absence of the jury, was

arraigned upon the amended information, pleaded not guilty, and the trial then continued. Upon returning to the courtroom, the jury was not informed concerning the second arraignment and the entry of the plea, nor were the jurors resworn.

In due time, the jury returned a verdict finding the defendant "guilty of the crime of RAPE, as charged in Count I of the Information herein," and a similar verdict finding the defendant guilty of burglary in the second degree, as charged in count II of the information.

The defendant interposed a motion for arrest of judgment or, in the alternative, for a new trial. These motions having been denied, a judgment of guilty was entered pursuant to the jury's verdicts, and the court imposed a sentence of twenty years upon count I and fifteen years upon count II, the sentences to run concurrently.

From this judgment and sentence, the defendant has appealed.

In his brief before this court, the appellant makes the following assignment of errors:

"(1) That the jury was not sworn to try the issue between the State and the defendant as to the crimes charged in the amended information.

"(2) That the bailiff in charge of the jury was not sworn to perform the duties of his office.

"(3) That the following statement of the prosecution at the close of its closing argument, *viz*: 'And I certainly want to say that it would be a shock to me and to anybody who knows of this case to not have a verdict of guilty brought in by you. I thank you.' (St. 154) was misconduct and was prejudicial to the right of the defendant to have a fair and impartial trial.

"(4) That the following statement of the prosecution directed to counsel for defendant, during the trial of the cause, *viz*: 'After all, this is a brutal rape case.' (St. 96) was misconduct and prejudicial to the right of the defendant to have a fair and impartial trial.

"(5) That the statements mentioned in paragraphs 3 and 4 above, taken together, were misconduct and were prejudicial to the right of the defendant to have a fair and impartial trial.

"(6)  That the court erred in giving instruction No. 5 (St. 141) to which an exception was duly made (St. 156).

"(7)  That the written verdict of the jury (Tr. 36) should be set aside as it found the defendant guilty of the crimes charged in the information, whereas the defendant was tried for the crimes charged in the amended information which changed the date of the crimes charged and which also remedied the error in the second count of the original information which said second count did not charge a crime."

We find it necessary to discuss only appellant's assignment of error No. 6, as the error referred to in that assignment requires reversal of the judgment appealed from and the granting of a new trial.  The matters referred to in appellant's other assignments will, therefore, be disregarded.

The crime of rape is defined in Rem. Rev. Stat., § 2435, the pertinent portions of that section reading as follows:

"Rape is an act of sexual intercourse with a female not the wife of the perpetrator committed against her will and without her consent.  Every person who shall perpetrate such an act of sexual intercourse with a female of the age of ten years or upwards not his wife;  . . .

"(2)  When her resistance is forcibly overcome; or

"(3)  When her resistance is prevented by fear of immediate and great bodily harm which she has reasonable cause to believe will be inflicted upon her; or  . . ."

The court's instruction No. 5 reads as follows:

"Rape is an act of sexual intercourse with a female not the wife of the perpetrator, committed against her will and without her consent (1) when her resistance is forcibly overcome, or (2) when her resistance is prevented by fear of immediate or great bodily harm which she has reasonable cause to believe will be inflicted upon her."

The appellant preserved the following exception to this instruction:

"The defendant also excepts to the Court's Instruction No. 5 in that, briefly, Instruction No. 5 sets out a definition of rape which includes the first two acts which constitute rape in the statute, Rem. Rev. Stat. 2435.  The Court has set forth the first two subdivisions.  Now the amended information of the state alleges forcible rape in terms of the

·statute, and there is no allegation in the state's amended information which would cover the second subdivision of Rem. Rev. Stat. 2435. The defendant's exception against Instruction No. 5 is based upon a decision in the case of State v. Harry Severns, found in 13 Wash. 2d, page 542. In that case the facts were the same as in this case as regards the allegations of the state's information, and the fact that the Court there also included in its instructions the second subdivision of the statute on rape, namely, Section 2435 of Rem. Rev. Stat."

The fact that appellant's counsel, in excepting to instruction No. 5, referred to the two subdivisions of Rem. Rev. Stat., § 2435, which were included by the court in the instruction, as the "first two subdivisions" of that section, instead of the second and third subdivisions, is immaterial.

From the evidence, it appeared that, prior to the commission of the act complained of, Mrs. ............................ had suffered a broken leg and, July 4, 1949, was able to walk only with the aid of crutches.

In connection with appellant's criticism of the court's instruction No. 5, it may be noted that, on direct examination of the prosecutrix by counsel for the state and after some preliminary testimony concerning her resistance, the witness stated:

"And I tried to kick him with this leg, but when I did, every time I did it, he bounced my leg back on the floor. And then I thought, 'Well, he's just going to kill me' right there. So I just, I had to give up."

Again, in answer to a question by the prosecuting attorney, "Were you in fear of the defendant?" the witness said, "Yes, I was."

Counsel for the state argue that, in view of the court's instruction No. 2, it should not be held that instruction No. 5 constitutes reversible error. By its instruction No. 2, the court stated that, in order to find the defendant guilty of the crime of rape, as charged in count I of the amended information, the state must have proved, beyond a reasonable doubt:

"(1) That on or about the 4th day of July, 1949, the defendant, FRANCIS E. LANE, perpetrated an act of sexual inter-

course with one Mrs. ...................., against her will and without her consent;

"(2) That the resistance of the said Mrs. .................... to such act of sexual intercourse was then and there forcibly overcome; . . ."

It is true that instructions Nos. 2 and 5 are, to some extent, inconsistent, but it cannot be held that instruction No. 2 modified the later instruction, No. 5.

In this connection, counsel for the state cite the case of *State v. Sowders*, 109 Wash. 10, 186 Pac. 260, in which the defendant was, by information, charged with the crime of murder in the first degree and, upon his trial, was convicted of manslaughter. On appeal, the defendant contended that the trial court had erred in defining to the jury, by its instructions, the crime of murder in the first degree, going "beyond the terms of the information." This court held that the question was not pertinent to the appeal, as the defendant had been convicted of the lesser offense of manslaughter, "so that, even if, for the sake of argument, it be admitted there was misdirection in the instruction complained of, it must be considered harmless and of no avail to appellant."

Counsel for the state also cite the case of *State v. Smith*, 25 Wn. (2d) 540, 171 P. (2d) 853, a civil proceeding instituted by the state for condemnation of land. The case cited is not here in point.

In the case of *State v. Rader*, 118 Wash. 198, 203 Pac. 68, a prosecution for murder, the defendant appealed from a judgment entered upon the verdict of a jury finding him guilty of murder in the second degree. On appeal, the judgment was reversed and a new trial ordered, this court being of the opinion that the trial court had erred in giving certain instructions which were set forth in the opinion. The court held that the defects in the original instructions were not cured by giving later instructions which nowise indicated that previous instructions were thereby modified.

The case last cited was referred to and followed in *State v. Hilsinger*, 167 Wash. 427, 9 P. (2d) 357.

In the case of·*State v. Severns,* 13 Wn. (2d) 542, 125 P. (2d) 659 (referred to by appellant's counsel in their exception to the trial court's instruction No. 5), this court considered a question very similar to that raised by appellant in his exception to the court's instruction No. 5. In the case cited, the defendant was charged with forcible rape, and appealed from a judgment of guilty entered pursuant to the verdict of a jury. As in the case at bar, by the information, the defendant was charged only with forcible rape. The information was never amended, but the trial court instructed the jury " 'that so far as is necessary for your consideration, as a matter of law, the crime of rape is defined as follows,' " the remainder of the instruction being practically identical with instruction No. 5 given by the trial court in the case at bar, to which instruction the defendant excepted. After considering and rejecting arguments on behalf of the state to the effect that the instruction did not constitute reversible error, this court referred to the case of *State v. Hessel,* 112 Wash. 53, 191 Pac. 637,

". . . not because it is factually the same as the instant case, but because we believe it indicates the view of this court as to the care which should be exercised by a trial court in instructing on the definition of the crime charged in an information, and the confusion which may result if the court includes in such definition any act, even though it be in the same statute, not charged in the information."

In the *Severns* case, it appeared that, in his argument to the jury, the prosecuting attorney referred to the instruction given by the court, defining the crime of rape, and called attention to that portion of the instruction which said that the crime might be committed if resistance on the part of the victim was prevented by fear of great bodily harm, as set forth in the statute. This court, holding that the instruction was erroneous and prejudicial, said:

"Under instruction No. 5 as given, we can come to no other decision than that the jury were warranted in believing that, if they found the resistance of Betty Marlowe was overcome in either way, it was sufficient, and especially is this true in view of the statement made by Mr. Barber. We

are clearly of the opinion that the giving of instruction No. 5 constituted prejudicial error, as did also the argument of Mr. Barber."

While it is true that, in the case cited, the error was accentuated by the argument of the prosecuting attorney (Mr. Barber), this court, in no uncertain language, stated its opinion that the giving of the instruction complained of was prejudicial error, and that the argument of the prosecuting attorney was merely an additional error.

In the case at bar, counsel for the state argue that, by instruction No. 2, *supra,* the trial court correctly instructed the jury as to the law applicable to the facts, and that, in the *Severns* case, *supra,* by the first portion of the instruction which this court held erroneous, the jury was instructed that " 'so far as is necessary for your consideration,' " the crime of rape was defined as stated by the court, while, in this case, the court's instruction No. 5 did not use the language last quoted, but merely defined the crime of rape, including subdivision 3 of the statute, *supra.*

From the evidence, it appears that Mrs. ........................... was recovering from a broken leg, and was physically handicapped. It also appears, beyond question, that she had good reason to fear that appellant would inflict upon her "great bodily harm." By its instruction No. 5, *supra,* the trial court defined the crime of rape in the language of the statute, and instructed the jury that the crime might be committed in two ways, the information charging only that the crime had been committed when the resistance of the victim was "forcibly overcome." From this instruction, the jury must have understood that, if they believed that, in the case before them, the crime had been committed under circumstances bringing into play the second method described by the instruction, they should find the appellant guilty.

As stated in the *Severns* case, *supra,* and as it appears in the case at bar, by no instruction was the jury prohibited

". . . from considering whether or not the resistance of the prosecuting witness had been overcome, either by

force, under subdivision (2) of the statute, or by putting her in fear of great bodily harm, under subdivision (3)."

Counsel for the state also argue that appellant's counsel did not ask for any correction of the court's instruction No. 5 nor did they specifically object or except thereto.

Appellant's counsel took a definite exception to this instruction, and referred to the case of *State v. Severns, supra,* stating, in effect, that that case was directly in point. The exception was sufficient to preserve appellant's right to raise the question presented, on appeal to this court.

As above stated, it should not be anticipated that other errors complained of will occur upon a retrial of this proceeding, and we shall not further consider the record.

For the error referred to, the judgment appealed from is reversed and the cause remanded, with instructions to the lower court to grant a new trial.

SIMPSON, C. J., SCHWELLENBACH, GRADY, and DONWORTH, JJ., concur.