[Nos. 31483, 31484.   Department One.   December 14, 1950.]

THE STATE OF WASHINGTON, *Respondent*, v. ROY S. BURNETT
et al., *Appellants*.[1]

*Henry Clay Agnew*, for appellants.

*Charles O. Carroll* and *John E. Prim*, for respondent.

HILL, J.—The principal question here presented is the sufficiency of the evidence to sustain convictions of murder in the first degree against both Roy S. Burnett and Louie Smotherman. There had been a gun battle in a tavern north of Seattle during which the defendant Burnett had shot

[1] Reported in 225 P. (2d) 416.

and killed Fred T. Long, the proprietor. The state's theory is that the defendants were engaged in a robbery, or an attempted robbery, of the tavern when the shooting occurred. Rem. Rev. Stat., § 2392 (3) [P.P.C. § 117-5].

In so far as the defendant Burnett is concerned, there is just one question for determination: Was he engaged in a robbery or an attempted robbery? The evidence on that question was circumstantial; the only people in the tavern at the time of the shooting were Long and the defendants; at the time of the trial the former was dead and the latter did not testify.

The defendants had remained in the tavern after all the other customers had left and after the hour for closing. The only eyewitness was a woman who lived across the street and who, from a window in her home, could look through the front window of the tavern. She saw Long turn out the lights of the illuminated signs in the tavern window. Seconds later her attention was again directed to the tavern and she saw Burnett walk behind the bar toward the cash register and toward Long, exchanging shots with him.

No explanation to meet the obvious inference of attempted robbery was offered by any witness at the trial, except that officers testifying as to statements made by Burnett said that he had told them that Long had called him, Burnett, a vile name; that he told Long that no one could call him such a name and get away with it, and reached over the bar and hit Long; and that he had started to leave the tavern, when Long pointed a gun at him. Defense counsel skillfully and adroitly used this statement as a defensive theory and asked an instruction on self-defense.

■ The state was not bound by the self-serving statements of the defendant, even though they were offered by its own witnesses. *State v. Williams*, 142 Wash. 673, 253 Pac. 1074. Had Burnett taken the stand and testified in the same tenor as his statements to the officers, the issue of self-defense would have been before the jury; but his unsworn, self-serving statements to the officers did not warrant an instruction on self-defense.

Nor was there any evidence to warrant submitting the theory of manslaughter to the jury. See discussion in *State v. Cooley*, 165 Wash. 638, 5 P. (2d) 1005.

■ Although the state attempted to prove that there was an actual robbery and that money had been taken by the defendants, we do not believe that the evidence presented was sufficient to establish that fact. However, the jury was justified in concluding that Burnett had been engaged in an attempted robbery; and in our opinion the evidence was sufficient to sustain his conviction on the charge of murder in the first degree.

As to the defendant Smotherman, a more difficult problem is presented. He went to the tavern with Burnett and sat next to him drinking beer at the bar. He told the officers that he had gone to the men's room in the rear of the tavern and when he came out the shooting affray was in progress; that he crawled on the floor most of the length of the bar and then ran out of the tavern after the shooting stopped. He was wounded in the arm during the affray by a bullet fired from Burnett's gun.

The witness who saw the shooting through the window saw Smotherman come from the direction of the men's room, stoop, and then run out of the tavern. Two other witnesses testified that Smotherman asked for a ride in their car, which had stopped near the tavern, and that, when they refused, he approached Burnett's car, pushed Burnett (who had also been wounded) out of the driver's seat, got in the car and drove it away. After leaving Burnett in downtown Seattle, he drove the car to the home of a friend in Kirkland, where he stayed until arrested.

There was no evidence that he was armed, or that he knew that Burnett was armed. There was no evidence that he knew that Burnett contemplated robbery or that he participated in any way in the attempted robbery. He did drive Burnett away from the scene of the crime, but only after he had been refused a ride by a passing motorist; and the evidence negatived any conclusion that he was driving a "get away car" by prearrangement.

■ If Smotherman was aiding or abetting Burnett in the attempted robbery, he was a principal and likewise guilty of murder, although he had no gun. Rem. Rev. Stat., § 2260 [P.P.C. § 112-13]; *State v. Brummett*, 116 Wash. 407, 199 Pac. 726; *State v. Nichols*, 148 Wash. 412, 269 Pac. 337; *State v. Carpenter*, 166 Wash. 478, 7 P. (2d) 573; *State v. Cooper*, 26 Wn. (2d) 405, 174 P. (2d) 545. The trial court correctly charged the jury as to the meaning of "aiding or abetting" (Rem. Rev. Stat., § 2260), as to the distinction between aiding or abetting and being an accessory after the fact (Rem. Rev. Stat., § 2261 [P.P.C. § 112-15]), and that Smotherman was not guilty of the crime charged, even though he aided Burnett in leaving the scene, if he, Smotherman, had in no way participated in the attempted robbery. See *State v. Dalton*, 65 Wash. 663, 118 Pac. 829.

■ Despite the accuracy and clarity of the instructions, the jury, apparently adopting the current idea of "guilt by association," found Smotherman guilty of murder. While there was ample evidence to convict him of being an accessory, as defined in Rem. Rev. Stat., § 2261, we fail to find sufficient evidence of aiding or abetting in the attempted robbery to sustain his conviction on the murder charge.

Burnett's conviction of murder in the first degree is affirmed; Smotherman's conviction of the same offense is reversed, with instructions to dismiss the murder charge against him.

BEALS, MALLERY, SCHWELLENBACH, and DONWORTH, JJ., concur.

_____

January 30, 1951. Petition for rehearing denied.